921 F.2d 1217
 18 Fed.R.Serv.3d 1199, 13 Employee Benefits Ca 1428
 James H. SEAMON, Ronald D. Paquette, Edward Revis, as
Trustees for the Professional Wrecker Operators of Florida
Health and Welfare Benefit Plan, Plaintiffs-Counterclaim
Defendants-Appellees, Cross-Appellants,
v.
M.L. VAUGHAN, The Reinecke Agency, Inc., d/b/a Dealers
Association Plan, Dealers Insurance Company,
Defendants-Counterclaim
Plaintiffs-Appellants, Cross-Appellees.
 No. 89-4019.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 22, 1991.
 
 Geoffrey B. Dobson, Patti Ann Christensen, Dobson & Christensen, P.A., St. Augustine, Fla., for defendants-counterclaim plaintiffs-appellants, cross-appellees.
 Charles Evans Davis, Fishback, Davis, Dominick & Bennett, Orlando, Fla., for plaintiffs-counterclaim defendants-appellees, cross-appellants.
 Appeals from the United States District Court for the Middle District of Florida.
 Before ANDERSON and EDMONDSON, Circuit Judges, and MORGAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants Martin Luther Vaughan, The Reinecke Agency, Inc. d/b/a/ Dealers Association Plan, and Dealers Insurance Company (hereinafter collectively referred to as "Administrators") appeal the district court's confirmation of an arbitration award against them and further appeal the district court's award of attorney fees. Appellants contend the following: (1) the district court erred in awarding attorney fees under the Employee Retirement Income Security Act of 1974 "ERISA" because Florida law does not allow the assessment of attorney fees in arbitration proceedings absent an explicit provision in the arbitration agreement; (2) the district court erred in confirming the arbitration award and in awarding attorney fees against Dealers Insurance Company; and (3) in any event, this court should remand this case because the district court failed to make explicit findings regarding its attorney fee award.
 
 
 2
 We find that attorney fees are allowable against Administrators because the record and federal law establish that ERISA governed appellees' claims against appellants. We decline to address the Administrators' several arguments that the district court erred in entering judgment against Dealers Insurance Company because these arguments were not presented to the district court until after final judgment. However, we remand to the district court for findings of fact as to the amount of attorney fees.
 
 I. BACKGROUND
 
 3
 Trustees instituted a complaint against Administrators in Florida state court based on an Administrator Agreement between the parties, alleging outstanding claims on behalf of the beneficiaries of the Professional Wrecker Operators of Florida Health and Welfare Benefit Trust (the "Plan"). Administrators removed this proceeding to federal district court under 29 U.S.C. Sec. 1132(e). See Defendants' Motion to Dismiss, R1-3 Exhibit A. After Trustees amended their complaint before the district court, Administrators filed an answer and a counterclaim seeking arbitration and administrators' fees. Upon Administrators' Motion to Compel Binding Arbitration, the district court granted a stay of the action pending binding arbitration pursuant to the Administrator Agreement.
 
 
 4
 The arbitrators' award of June 12, 1989, granted Trustees $5,000 plus interest on their claims of breach of the Administrator Agreement and breach of fiduciary duty. The arbitrators awarded administrative fees and expenses of $2,650. They also granted Trustees' claim for declaratory relief, but denied Trustees' remaining claims against Administrators, including the allegation that Trustees were obligees on a bond on which Dealers Insurance Company was liable. Finally, the arbitrators found in favor of Trustees on the Administrators' counterclaim for administrators' fees.
 
 
 5
 The arbitrators initially found that Trustees were entitled to recover reasonable attorney fees from Administrators, but they revised the award on August 15, 1989, deferring the determination of attorney fees to the district court. In the August 15 award, the arbitrators taxed costs against "the Respondent, Martin Luther Vaughan, The Reinecke Agency, Inc., d/b/a/ Dealers Insurance Company Association Plan" in the amount of $3,280.90. R2-29 Exhibit B. The June 12, 1989 award ran in favor of the Trustees against all of the Administrators, including Dealers Insurance Company. The August 15, 1989 award taxing costs initially included Dealers Insurance Company, but the arbitrators struck out the terms "and Dealers Insurance Company."
 
 
 6
 Trustees moved in the district court for confirmation of the arbitration award and for taxation of costs and attorney fees. In response, Administrators contested the awardability and amount of attorney fees and requested a further hearing in their Memorandum with Regard to Attorneys Fees. However, the district court, without further hearing, entered judgment against Administrators, including $25,000 in attorney fees. The only finding by the court concerning its attorney fee award was the following handwritten notation: "[M]ultiple atty's on this case is unreasonable."
 
 
 7
 Administrators appeal from the district court's final judgment. Trustees cross-appeal, contesting the district court's reduction for duplication of attorney hours.
 
 II. DISCUSSION
 A. Attorney Fees against Administrators
 
 8
 Administrators argue that the attorney fees incurred in the arbitration proceedings are not allowable because ERISA, specifically 29 U.S.C. Sec. 1132(g) providing for attorney fee awards, does not govern the claims on which appellees prevailed or the relief granted to appellees in arbitration. Appellants contend that Florida law governs because the Administrator Agreement invoked Florida law for all questions pertaining to the Agreement's validity, construction, and administration. Administrator Agreement Sec. 8.2, R1-1 Exhibit B at 4. Section 682.11 of the Florida Statutes disallows the assessment of attorney fees in arbitration proceedings absent an explicit provision in the arbitration clause.[1]
 
 
 9
 We reject this argument. Section 514(a) of ERISA, 29 U.S.C. Sec. 1144(a), preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.[2] This court has specifically held that ERISA preempts state law breach of contract claims such as the ones on which appellees prevailed in arbitration. Jackson v. Martin Marietta Corp., 805 F.2d 1498, 1499 & n. 1 (11th Cir.1986). The parties may not contradict federal law by private agreement. Thus, ERISA governs this case despite any provision of the Administrator Agreement to the contrary.
 
 
 10
 B. Judgment against Dealers Insurance Company
 
 
 11
 The June 12, 1989 arbitrators' award established the liability of all of the Administrators, including Dealers Insurance Company. The August 15, 1989 arbitrators' award taxed costs of $3,280.90 against all of the Administrators except Dealers Insurance Company. The exception as to Dealers Insurance Company was not explained. The district court entered judgment confirming both the June 12, 1989 award and the August 15, 1989 award. Accordingly, the district court's judgment held that all of the Administrators, including Dealers Insurance Company, were jointly and severally liable for the principal amount of the judgment and attorney fees but that Dealers Insurance Company was not liable for costs in the amount of $3,280.90.[3]
 
 
 12
 Administrators argue on appeal that the district court's judgment against Dealers Insurance Company, both as to the principal amount and as to attorney fees, was erroneous for several reasons. We decline to entertain this argument because Administrators failed to present it to the district court until after final judgment. Administrators made this argument in district court for the first time in their motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e).[4] We conclude that the district court did not abuse its discretion in declining to entertain this argument as made for the first time after final judgment.[5] See American Home Assurance Co. v. Glenn Estess & Associates, 763 F.2d 1237, 1238-39 (11th Cir.1985) (holding that the district court was well within its discretion in denying Rule 59(e) motion that raised an issue for the first time after entry of summary judgment).[6] Thus, we affirm the judgment of the district court insofar as it imposes joint and several liability against all of the Administrators, including Dealers Insurance Company, except as to the amount of $3,280.90 in costs for which Dealers Insurance Company is not liable.
 
 C. Basis for Attorney Fee Award
 
 13
 The district court awarded Trustees "the additional sum of $35,930.90 as attorney fees." R2-31 at 2. Despite this wording, this figure apparently includes the court's finding of only $25,000 in attorney fees. The remainder of the award apparently consists of the $3,280.90 award of costs in the August 15, 1989 arbitrators' award, damages against Administrators in the amount of $5,000 (plus interest), and administrative fees and expenses assessed by the arbitrators in the amount of $2,650.
 
 
 14
 In their Memorandum With Regard to Attorneys Fees, filed prior to the district court's final judgment, Administrators contested the awardability of attorney fees by questioning the court's exercise of discretion in this case under 29 U.S.C. Sec. 1132(g)(1).[7] In the event attorney fees were awardable, Administrators requested a further hearing to determine their amount, specifically contesting fees for matters unrelated to the arbitration proceeding, fees for issues on which appellees were unsuccessful, and Mr. Collins' fees where Mr. Collins was not admitted to the Florida bar.
 
 
 15
 The basis for the district court's award of attorney fees is unclear. The court failed to make any findings of fact to support the $25,000.00 amount. Its only explanation was a cryptic handwritten comment relating to duplication of attorney services. The district court did not explain why it eliminated half of the claimed attorney fees as duplicative. As a result, we are unable to review the district court's exercise of discretion, either on appeal or cross-appeal.
 
 
 16
 The judgment of the district court is AFFIRMED with respect to the district court's confirmation of the arbitrators' award, with respect to the district court's holding that attorney fees are awardable under ERISA, and with respect to the district court's holding that all of the Administrators, including Dealers Insurance Company, are jointly and severally liable for all amounts except for the $3,280.90 in costs. On the issue of the amount of attorney fees, we VACATE and REMAND for further findings of fact.
 
 
 17
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 [1]
 Fla.Stat. Sec. 682.11 (1990) provides: "Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."
 
 
 [2]
 29 U.S.C. Sec. 1144(a) states:
 Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.
 Section 1144 also contains several exceptions not applicable in this case, including "(1) causes of action that accrued prior to January 1, 1975; (2) state insurance, banking, and securities laws; (3) state criminal law; and (4) state domestic relations law." Howard v. Parisian, Inc., 807 F.2d 1560, 1563 (11th Cir.1987).
 
 
 [3]
 Although this is not absolutely clear from the district court's judgment itself, the Trustees concede in their brief on appeal that the judgment should be read in this manner. We accept that concession and hold that the district court's judgment runs against all of the Administrators, including Dealers Insurance Company, except as to costs in the amount of $3,280.90
 
 
 [4]
 We reject Administrators' contention that their prejudgment memorandum raised this argument. In the context of an attempt to reduce the amount of attorney fees which might be awarded, Administrators did mention that Trustees had not prevailed against Dealers Insurance Company in the claim on the bond. However, Administrators failed to argue that the arbitrators improperly found Dealers Insurance Company liable in their June 12, 1989 award. Administrators did not make the latter argument until after judgment
 
 
 [5]
 We note that the proceedings before the arbitrators were not part of the record before the district court. Without a record of those proceedings, neither the district court nor this court can be sure that there is not a proper basis for liability on the part of Dealers Insurance Company
 
 
 [6]
 This court has noted that "[t]here is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant 'two bites at the apple.' " Id. at 1239
 
 
 [7]
 This section provides in relevant part: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."