**Ariday Gonzalez DEARMAS, et al., Plaintiffs,**

v.

**AV–MED, INC., Defendant.**

**No. 92–2534–CIV.**

United States District Court, S.D. Florida.

Feb. 11, 1993.

Steven M. Ziegler, P.A., Coral Gables, FL, for defendant, Av–Med, Inc.

Mary Margaret Schneider and Stanley M. Rosenblatt of Stanley M. Rosenblatt, P.A., Miami, FL, for plaintiffs, Ariday Gonzalez Dearmas, Jorge Dearmas, Christian Dearmas and Melany Dearmas.

## ORDER AFFIRMING REPORT OF MAGISTRATE JUDGE, AND DISMISSING COMPLAINT

JAMES LAWRENCE KING, District Judge.

This cause comes before the Court upon the filing of a Report and Recommendation by United States Magistrate–Judge Barry L. Garber on Defendant's Motion to Dismiss the Complaint in the above-styled case.

Accordingly, upon review of the record, it is hereby

ORDERED and ADJUDGED that the Magistrate's Report and Recommendation be, and the same is hereby, AFFIRMED, and it is further

ORDERED and ADJUDGED that based on said Report and Recommendation, the Complaint in the above-styled action be, and the same is hereby, DISMISSED on the basis that the Complaint fails to state a cause of action.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

GARBER, United States Magistrate Judge.

THIS CAUSE is before the Court pursuant to an Order of Reference entered in this cause on December 23, 1992. The following Report and Recommendation is hereby submitted on Defendant's, Av–Med, Inc., ("Av–Med"), Motion to Dismiss the Plaintiffs', Ariday Gonzalez Dearmas ("Gonzalez"), Jorge Dearmas, Christian Dearmas and Melany Dearmas (collectively "Plaintiffs"), Complaint.

## BACKGROUND

The Plaintiffs brought suit against Av–Med in Dade County Circuit Court alleging claims for injuries involving Av–Med's improper transfer of Gonzalez while in an injured condition in violation of § 395.0142, Florida Statutes (1991), and its federal counter-part, 42 U.S.C.A. § 1395dd (West 1992). The claims of Jorge, Christian and Melany Dearmas are for consortium claims.

In March 1990, Gonzalez enrolled in a group medical plan ("Plan") provided by her employer, Burdines Department Stores, through Av–Med, a health maintenance organization. (Def.Pet. for Removal at Ex. C). Gonzalez was injured in an automobile accident on February 19, 1992 which resulted in her being transferred to at least four different hospitals over a period of three days. The Plaintiffs allege these transfers were the result of Av–Med's failure to provide the surgeons needed to perform the necessary surgery at these hospitals. As a result of the transferring and delay, Gonzalez allegedly suffered irreversible neurological damages.

Av–Med removed this suit from state court to this Court pursuant to 28 U.S.C. § 1331, federal question jurisdiction, asserting the Plaintiffs' action is governed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiff's moved to remand this cause back to state court. This Court entered an Order on January 15, 1993 denying Plaintiffs' Motion to Remand finding that ERISA governed this cause. Av–Med has moved to dismiss the Complaint under 12(b) of the Federal Rules of Civil Procedure for failure to state a cause of action and for preemption of the state law claims.

## DISCUSSION

### I. STANDARD OF REVIEW

■ For purposes of a motion to dismiss "all facts alleged must be accepted as true." *Eddy v. City of Miami*, 715 F.Supp. 1553, 1555 (S.D.Fla.1989). It has long been the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### II. ERISA

■ Av–Med contends that Gonzalez was covered under an ERISA employee welfare plan. This Court agrees. An employee welfare benefit plan is:

[A]ny plan ... maintained by an employer ... to the extent that such plan ... is maintained for the purpose of providing for its participants or their beneficiaries through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, ....

29 U.S.C. § 1002(1)(A). In contrast, an employee pension plan provides retirement income or defers income for periods after employment is terminated. *Id.* at (2)(A). This Plan was an employer sponsored group medical plan entitling Gonzalez to benefits under the Group Medical and Hospital Service Contract entered into between her employer and Av–Med. (Camps–Sierra Aff. at ¶ 6). Thus, the Plan is an ERISA plan.

#### A. Preemption

Av–Med argues that the Plaintiffs' claims for violations of § 395.0142, Florida Statutes, 42 U.S.C. § 1395dd and for consortium are preempted by ERISA. The Plaintiffs respond that the Complaint does not assert an action under ERISA, and instead, seeks relief for violation of state and federal laws by "dumping" Gonzalez in an unstable condition. (Pl.Mtn. Remand and Memo Resp.Mtn. Dismiss at ¶ 2).

■ The general rule as stated in section 514(a), 29 U.S.C. § 1144(a), is that ERISA " 'supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....' " *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1563 (11th Cir. 1987) (quoting § 1144(a)); *see Seamon v. Vaughan*, 921 F.2d 1217 (11th Cir.1991). This Circuit has held state law claims relating to an employee benefit plan are preempted by ERISA. *Swerhun v. Guardian Life Ins. Co.*, 979 F.2d 195 (11th Cir.1992); *Seamon, supra*, at 1219; *Farlow v. Union Central Life Ins. Co.*, 874 F.2d 791, 794 (11th Cir. 1989). Accordingly, this Court must decide if § 395.0142 "relates to" the Plan.

■ The term "relate to" is given a broad meaning "so that a state law 'relates to an employee benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " *Id.* at 793 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). In determining whether a state law relates to an employee benefit plan, this Circuit has held that ERISA preempts state laws "even if those laws do not expressly concern an employee benefit plan and amount only to indirect regulation of such plans." *Howard, supra*, (citing *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900)).

■ Gonzalez alleges that Av–Med failed to provide a medical screening examination, to stabilize treatment and transferred her in an unstable condition; all in violation of § 395.0142. Section 395.0142 provides, in pertinent part:

(3) Emergency services; discrimination; liability of facility or health care personnel.—

(a) Every hospital which has an emergency department shall provide emergency services and care for any emergency medical condition or for active labor when.... (requested by the patient or certain medical providers)

(b) In no event shall the provision of emergency services and care be based upon, or affected by, the person's race, ethnicity, religion, national origin, ... or ability to pay ... (except if for appropriate medical care).

. . . .

(5)(b) Any person who suffers personal harm as a result of a violation of this section ... may recover, in a civil action against the responsible administrative or medical personnel. . . .

The failure to timely transfer Gonzalez to Jackson Memorial Hospital is alleged as "based on financial and bureaucratic reasons, not medical considerations." (Compl. at ¶ 8(a)). Certainly, the circumstances surrounding the transferring from one medical facility to another, in violation of § 395.0142,[1] involved Av–Med's administration of the Plan regarding the availability of participating medical providers at these facilities. *See Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1332 (5th Cir.), *cert. den.,* —— U.S. ——, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992) (wrongful death allegedly resulting from medical decision of provider of utilization review service preempted by ERISA since medical decision was "part and parcel" to deciding availability of benefits). Thus, Plaintiffs claim under § 395.0142 relates to the Plan and is preempted by ERISA.

■ Next, this Court must determine if the § 395.0142 claim can be saved from preemption by application of ERISA's savings provision which provides:

'Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities,' § 514(b)(2)(A), as set forth in 29 U.S.C. § 1144(b)(2)(A) (savings clause). 'Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purport-

ing to regulate insurance companies, insurance contracts, banks, trust companies, nor investment companies.' § 514(b)(2)(B), as set forth in 29 U.S.C. § 1144(b)(2)(B) (deemer clause).

*FMC Corp. v. Holliday,* 498 U.S. 52, 57–58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). This Court is guided by Eleventh Circuit precedent which has held that a HMO is not an insurance company and, thus, not saved from preemption under the savings clause in 1144(b)(2)(A). *O'Reilly v. Ceuleers,* 912 F.2d 1383, 1389 (11th Cir.1990). Av–Med is a health maintenance organization ("HMO") licensed under chapter 621, Florida Statutes.[2] Thus, § 395.0142 is not saved from preemption.

■ Likewise, as to the loss of consortium claims the Court finds that these claims are preempted under ERISA as these claims are asserted based on the alleged negligence of Av–Med in administration of the Plan.

### B. ERISA Pleading

Having determined that the state law claim is preempted under ERISA, this Court must determine whether the Complaint alleges a cause of action under ERISA. Av–Med provided administrative services to members of the Plan which included the determination of benefits for medical services provided by authorized medical providers. (Def.Pet. for Removal at Ex. B). Under ERISA,

a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or dis-

---

1. This Court need not decide if § 395.0142 applies to a health maintenance organization, such as Av–Med, since it finds that this state law claim is preempted.

2. A HMO is an organization providing "health care services to persons on a prepaid, fixed-sum basis; which provides health care services which subscribers might reasonably require to maintain good health; or which provides physician services directly through physicians who are either employees or partners of such organization or by arrangements with any physician or physicians." *O'Reilly v. Ceuleers,* 912 F.2d 1383, 1385 (11th Cir.1990) (citing Fla.Stat. § 641.19(6)(a), (b), (c)).

cretionary responsibility in the administration of such plan....

29 U.S.C.A. § 1002(21)(A) (West Supp.1992). In *O'Reilly*, the defendant, a HMO, was considered a fiduciary under an ERISA plan as it exercised discretionary control over the administration of the plan and for the payment of benefits. 912 F.2d 1383. Likewise, this Court concludes that Av–Med is a fiduciary of the Plan.

■ This Court notes that § 1104 defines a fiduciaries' duties (the prudent man standard) and § 1132 provides for the civil enforcement of ERISA rights.[3] In *O'Reilly*, the plaintiffs alleged the defendants breached their fiduciary duty by not paying benefits, allocating severance funds for other purposes and discriminating against plaintiffs in violation of duties owed under 29 U.S.C. § 1104. 912 F.2d at 1386. The Court found the complaint established a "prima facie" right to relief. *Id.* at 1387. In contrast, the Complaint in this cause does not adequately allege sufficient facts to state a cause of action under ERISA. *See* Fed.R.Civ.P. Rule 8 (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). Thus, the Complaint fails to state an ERISA action.

III. FEDERAL CLAIM UNDER 42 U.S.C. § 1395dd

■ Section 1395dd is the federal anti-dumping provision, similar to § 395.0142, Florida Statutes, and which requires a hospital to provide an appropriate medical screening examination to determine whether an emergency medical condition exists and if so, then the hospital must provide medical treatment as required to stabilize the condition. *Mitchell v. Candler Gen. Hospital, Inc.*, 1992 WL 96310 at *4 (S.D.Ga. April 2, 1992) (citing 42 U.S.C. § 1395dd(d)(2)(A)). The patient may not be transferred until the medi-

cal condition is stabilized and " '[a]ny individual who suffers personal harm' as a result of a violation of the Act [§ 1395dd] may sue the hospital" as a result. *Id.* at *4 (quoting § 1395dd(d)(2)(A)).

The Plaintiffs allege that Av–Med failed to screen Gonzalez for an emergency condition and transferred her before she was stabilized. (Compl. at ¶ 14). However, the plain wording of the statute makes reference only to "hospitals" and shows legislative intent to provide emergency medical treatment *by hospitals* to all individuals.

> It is undisputed that the impetus to this legislation [42 U.S.C. § 1395dd] came from highly publicized incidents where hospital emergency rooms allegedly, based only on a patient's financial inadequacy, failed to provide a medical screening that would have been provided a paying patient, or transferred or discharged a patient without taking steps that would have been taken for a paying patient.

*Cleland v. Bronson Health Care Group, Inc.*, 917 F.2d 266, 268 (6th Cir.1990). The statute was designed to prevent "patient dumping" where a hospital emergency room denies the same treatment to uninsured patients that it would provide to an insured patient by refusing care or transferring to another facility. *See Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037, 1039 (D.C.Cir.1991). The civil enforcement provision, § 1395dd(d)(2)(A), "is explicitly limited to actions *against participating hospitals* " and does not provide for a private cause of action against physicians. *Id.* at 1040 n. 1 (emphasis in original). Furthermore, § 1395dd does not create "a sweeping federal cause of action with respect to what are traditional state-based claims of negligence and malpractice." *Id.* at 1040.

Av–Med argues that § 1395dd only applies to a hospital's duty to treat patients and not to a HMO. This Court agrees. There is no

---

**3.** Section 1132 provides:
  A civil action may be brought—
  (1) by a participant or beneficiary
    (A) for the relief provided for in subsection (c) of this section (administrator's refusal to supply information) or
    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

....

  (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of his subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan; ....

authority for the Plaintiffs' position that § 1395dd applies to HMO's, or similar health care plan providers. Based on legislative intent and the plain wording of § 1395dd, it is this Court's conclusion that no cause of action exists against Av–Med for a violation of § 1395dd.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned concludes that the Complaint fails to state a cause of action. Accordingly, the undersigned hereby

RECOMMENDS that Av–Med's Motion to Dismiss the Complaint be GRANTED WITHOUT PREJUDICE.

The parties have ten days from the date of this Report and Recommendation within to file written objections, if any, with the Honorable James Lawrence King, United States District Judge. *See* 28 U.S.C. § 636 (1991). *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. den.* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 21st day of January, 1993.