BIRCH, Circuit Judge:
This appeal focuses upon the preemption doctrine under the Employee Retirement Income Security Act of 1974 (“ERISA”). 29 U.S.C. §§ 1001-1461 (1985). The district court found that Morstein’s state law claims related to the employee benefit plan established by her employer and, therefore, those claims were preempted by ERISA. We affirm the decision of the district court.
I. BACKGROUND
Plaintiff-appellant, Margery Morstein, is the president, director, and sole shareholder of Graphic Promotions, Inc. (“Graphic”). At all times relevant to this appeal, Morstein was also one of two employees of Graphic. In 1991, Morstein met with Scott Hankins, an insurance broker and employee of the Shaw Agency, for the purpose of obtaining a replacement policy of major medical insurance for herself and Graphic’s other employee. The policy was to be administered by National Insurance Services, Inc. (“National”) and underwritten by Pan-American Life Insurance Company.[1] Morstein alleges that during her meeting with Hankins, she advised him that any policy of major medical insurance that would replace her current policy would be unacceptable if it excluded from coverage medical treatment related to any preexisting medical condition. Morstein asserts that Hankins assured her that the policy that he proposed would provide the same coverage for preexisting conditions as her current policy. The policy offered by Han-kins was issued to Graphic, and Graphic paid the initial premium.
Over one year after the policy was issued, Morstein had surgery involving a total hip replacement. When she submitted a claim for payment for this procedure, National refused payment because it asserted that Mor-stein’s surgery involved a preexisting condition, which she failed to disclose during the application process. National then rescinded the policy and refunded the premium payments to Graphic that were made on behalf of Morstein. She claims that because Han-kins and the Shaw Agency fraudulently induced her to purchase a policy of major medical insurance, Morstein allowed a separate full-coverage insurance policy to lapse. In doing so, she further alleges that Hankins and the Shaw Agency were negligent in processing her application for insurance and that she has state law claims against them for negligence and fraud.
Morstein filed an action in state court, alleging negligence, malfeasance, misrepresentations, and breach of contract. Defendants removed the action to federal court on the basis that Morstein’s claims constituted an ERISA action. The district court denied Morstein’s motion to remand and found that defendants were entitled to summary judgment as to the state law claims against them. The district court concluded that Morstein’s claims “clearly relate to the employee benefit plan established by Graphic Promotions; therefore, those claims are preempted by ERISA.” R2-29-3. Morstein now appeals the district court’s grant of summary judgment. We review a grant of summary judgment de novo. Forbus v. Sears *1137 Roebuck & Co., 30 F.3d 1402, 1404 (11th Cir.1994) (citing RJR Nabisco, Inc. v. United States, 955 F.2d 1457, 1459 (11th Cir.1992)), cert. denied, — U.S. -, 115 S.Ct. 906, 130 L.Ed.2d 788 (1995).
II. DISCUSSION
Morstein alleges that the district court erred in applying the preemption doctrine under ERISA to bar her state law claims. Section 1144(a) of ERISA provides that its provisions “shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a)_” 29 U.S.C. § 1144(a) (1985) (emphasis added). A state law “relates to” an employee benefit plan if the law “has a connection with or reference to such a plan.” Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). The Supreme Court has endorsed a broad interpretation of the phrase “relate to” that extends to preempt certain state law tort and contract actions brought by employees. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The Supreme Court does acknowledge some limits to ERISA preemption: “Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law ‘relates to’ the plan.” Shaw, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21 (citation omitted).
In determining whether Morstein’s state law claims against Hankins and the Shaw Agency are related to Graphic’s employee benefit plan, we must examine our circuit precedent in this area. The facts of the case before us are analogous to those in Farlow v. Union Central Life Insurance Co., 874 F.2d 791 (11th Cir.1989). In Farlow, plaintiff was a shareholder, president, and member of the board of directors of Pace-Plus, Inc. Farlow and his wife were designated beneficiaries under Pace-Plus’s employee benefit plan. The Farlows alleged that an insurance agent induced them to purchase a new group health life insurance plan, and that the insurance agent fraudulently misrepresented that, among other things, the new policy would provide the same coverage as the company’s old policy. Id. at 792. After switching to the new policy, Farlow’s wife became pregnant. The Farlows then discovered that, unlike Pace-Plus’s old policy, the new policy did not provide maternity or pregnancy coverage. Id.
Our court found the conduct alleged by the Farlows to be “intertwined” with the refusal to pay benefits:
[T]he conduct alleged in these claims is not only contemporaneous with [the insurer’s] refusal to pay benefits, but the alleged conduct is intertwined with the refusal to pay benefits. Finding the Farlows’ state law claims not wholly remote in content from the [insurer] plan, we reject the Far-lows’ contention that simply because their claims invoke misconduct in the sale and implementation of the [insurer’s] plan, their claims do not relate to the plan.
Consequently, we hold that ERISA preempts the Farlows’ misrepresentation and negligence claims.
Farlow, 874 F.2d at 794.[2] The facts in the case before us are quite similar to those in Farlow. As in Farlow, Morstein claims the insurance agent made a fraudulent misrepresentation regarding the coverage provided by the new policy. Like Farlow, Morstein claims that her state law causes of action are not preempted by ERISA because they are not related to the plan. We are bound by the precedent set by this court in Farlow and other cases in this circuit and hold that Mor- *1138 stein’s state law claims are preempted by ERISA.[3]
Morstein attempts to distinguish Farlow by arguing that, unlike the insurance agent in that case, Hankins was acting as Mor-stein’s agent, not the agent of the Shaw Agency. Thus, she argues that, “[i]t defies credibility to suggest that an agent of a plan beneficiary, whose duties effectively terminate upon the establishment of a ‘plan,’ is insulated by ERISA from liability resulting from his malfeasance in performing duties for the benefit of the beneficiary.” Appellant’s Brief at 9. We do not find that the relationship between Hankins and Morstein differs from the relationship between the insurance agent and the plaintiff in Farlow,[4]
Bound together with Morstein’s agency argument is her contention that Hankins and the Shaw Agency are not each a “party in interest” and therefore are not governed by ERISA. 29 U.S.C. § 1002(14) (Supp.1995). While intriguing, this argument does not hold any weight under the facts before us. In Farlow we looked not to the relationship between the parties but to the relationship between the alleged conduct and the refusal to pay benefits. If the actions of a party, regardless of his “interest” in the plan, are intertwined with the refusal to pay benefits, then the action is related to the plan, and thus, it is preempted.
Morstein also argues that Forbus, supports her argument that her state law claims are not preempted. Forbus, however, is distinguishable from this case. In Forbus, we found no preemption because the plaintiffs’ claims centered on alleged fraud by Sears concerning the elimination of plaintiffs’ jobs, not fraud relating to the amount or availability of pension benefits to the plaintiffs. For-bus, 30 F.3d at 1406. Here, Morstein’s fraud allegations related to the availability of benefits for a preexisting medical condition.
III. CONCLUSION
Morstein challenges the district court’s conclusion that her state law claims against Hankins and the Shaw Agency are preempt *1139 ed by ERISA. We conclude that we are bound by the precedent established by this circuit in Farlow and its progeny. Accordingly, the district court’s grant of summary judgement is AFFIRMED.

. Morstein voluntarily dismissed National Insurance Services and Pan-American Life Insurance Company before the commencement of this ap *1137 peal, although they were defendants in the original action.

. Our recent holding in Variety Childrens Hosp. v. Century Medical Health Plan, Inc., 57 F.3d 1040, 1042 (11th Cir.1995), reiterated that state law fraud claims can be intertwined with benefit plans:
We agree with the Fifth Circuit’s analysis in Hermann Hosp. v. MEBA Medical and Benefits Plan, 959 F.2d 569, 578 (5th Cir.1992), that where state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system. Therefore, Counts II and III were correctly dismissed as preempted.

. The writer continues to be concerned about the law of this circuit by which this panel is bound. This case presents yet another example of an employee left without a remedy because of ERISA’s broad preemption. See Sanson v. General Motors, 966 F.2d 618, 623 (11th Cir.1992) (Birch, J., dissenting), cert. denied, 507 U.S. 984, 113 S.Ct. 1578, 123 L.Ed.2d 146 (1993). I continue to express my regret that the reach of ERISA preemption too often undermines the stated purpose of the Act: to protect employees and beneficiaries of employee benefit plans. 29 U.S.C. § 1001 (1985). This is an issue that I hope will be revisited by our circuit soon.
I note that some district courts in our circuit have attempted to distinguish Farlow and provide a remedy for the plaintiffs before them. See Wiesenberg v. Paul Revere Life Ins. Co., 887 F.Supp. 1529, 1532-33 (S.D.Fla.1995); Barnet v. Wainman, 830 F.Supp. 610, 613 (S.D.Fla.1993); Martin v. Pate, 749 F.Supp. 242, 246-47 (S.D.Ala.1990), aff'd sub. nom Martin v. Continental Investors, 934 F.2d 1265 (11th Cir.1991). Other circuits have found ways to stay the preemption tide in cases similar to the one before us. See Perkins v. Time Ins. Co., 898 F.2d 470, 473 (5th Cir.1990) (concluding that "a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, 'relates to' that plan only indirectly” and "does not affect the relations among the ERISA entities” and thus is not preempted by ERISA); Perry v. P*I*E Nationwide, Inc., 872 F.2d 157, 162 (6th Cir.1989) (reasoning that preemption applies "to a state law claim only if Congress has provided a remedy for the wrong or wrongs asserted”), cert. denied, 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990).
I acknowledge that our circuit has placed some limits on the preemption doctrine when there is no nexus between the state law claim and an ERISA covered plan. Clark v. Coats & Clark, Inc., 865 F.2d 1237, 1244 (11th Cir.1989). This court also recently held that ERISA preemption does not bar a state law claim of negligent misrepresentation brought by a health care provider against an insurer. Lordmann Enterprises, Inc. v. Equicor, Inc., 32 F.3d 1529, 1534 (11th Cir.1994) (reasoning that there is no preemption because “ERISA does not provide a cause of action for aggrieved health care providers that treat ERISA participants"), cert. denied, - U.S. -, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995).

. We note that this circuit has held that ERISA preemption extends to claims against an insurance agency or broker, such as the Shaw Agency, as well as an insurance company that issues the policy. Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir.1987) (claims by parents who where beneficiaries of an insurance program provided by their employers, for medical and surgical benefits and for bad faith and fraud by the insurer were "related to” the employee benefit plan and therefore preempted by ERISA).