William C. KRITZMAN, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.

No. 95–818–Civ–J–20.

United States District Court, M.D. Florida, Jacksonville Division.

June 13, 1996.

Thomas Edwards, Jr., Sarah Helene Sharp, Peek & Cobb, P.A., Jacksonville, FL, for William C. Kritzman, Leslie Kritzman.

Jay S. Blumenkopf, Jonathan M. Fordin, Proskauer, Rose, Goetz & Mendelsohn, LLP., Boca Raton, FL, Michael L. Parker, UNUM Life Insurance Co., Portland, ME, for UNUM Life Insurance Company of America.

## ORDER

SCHLESINGER, District Judge.

Before the Court is Defendant's Motion to Dismiss Counts III through VII of Plaintiff's Complaint (Doc. No. 17, filed November 3, 1995). Plaintiff filed a Response in Opposition on November 22, 1995 (Doc. No. 22). Defendant filed a Reply Memorandum on December 11, 1995 (Doc. No. 28). Plaintiff filed a Notice of Supplemental Authority on January 19, 1996 (Doc. No. 31). Defendant filed a Response to Plaintiff's Supplemental Authority on January 29, 1996 (Doc. No. 33).

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991).

The Federal Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103. All that is required is "a short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). The Federal Rules have adopted this "simplified pleading" approach because of "the liberal opportunity for discovery and other pretrial procedures ... to disclose more precisely the basis of both claim and defense...." *Id.* at 48, 78 S.Ct. at 103. The purpose of notice pleading is to reach a decision on the merits and to avoid turning

pleading into "a game of skill in which one misstep by counsel may be decisive to the outcome." *Id.*

Plaintiff filed an Eight Count Complaint[1] which seeks to recover benefits under a group long term disability insurance policy. Count I seeks damages for breach of the insurance contract. Count II seeks a declaration of rights under the policy. Count III alleges a cause of action under Florida Statutes §§ 624.155 and 626.9541 for bad faith refusal to settle. Count IV alleges a claim for misrepresentation and/or fraud in the inducement. Count V asserts a claim for damages based on an alleged invasion of privacy. Count VI seeks damages for tortious interference with a business relationship. Lastly, Count VII alleges a claim for damages based on an intentional infliction of emotional distress. Arguably, Plaintiff's claims are based on state law. However, because of the connection of the claims to a benefit plan subject to ERISA, this case was removed to federal court. Defendant's Motion to Dismiss argues that Counts III through VII of Plaintiff's Complaint are preempted by ERISA.

■ Plaintiff argues that his claims are not preempted by ERISA. The parties in this case agreed in the benefit contract that the policy would be "governed by the laws of the governing jurisdiction and to the extent applicable by the Employment Retirement Income Security Act of 1974 (ERISA) and any amendments." According to Plaintiff, this language expresses an intent to provide the parties with additional remedies beyond those provided by ERISA.

This argument, however, lacks merit. As was noted in *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1565 (11th Cir.1987),

> even if the plan agreement purported to be governed exclusively by state law, it could not override the preemptive effect of ERISA. *Light*, [*v. Blue Cross and Blue Shield of Alabama, Inc.*,] 790 F.2d [1247] at 1248 [ (5th Cir.1986) ].

Even if this Court were to construe the language as broadly as suggested by Plain-

tiff, Plaintiff's claims would still be subject to preemption by ERISA. Accordingly, the Court rejects Plaintiff's argument that the benefit plan in question provides for more protection than that offered by ERISA.

■ Plaintiff also argues that its fraud in the inducement claim should not be preempted because it asserts a claim that arose prior to the existence of the plan in question. That argument has been considered by the Eleventh Circuit and rejected. *See Morstein v. National Ins. Services, Inc.*, 74 F.3d 1135 (11th Cir.1996). In *Morstein*, the Court properly concluded that it was bound by *Farlow v. Union Central Life Insurance Co.*, 874 F.2d 791 (11th Cir.1989), even though other circuits have reached contrary results. *Morstein*, 74 F.3d at 1138 n. 3. Given the similarity between the facts of the case at hand and those in *Morstein*, it is clear that Plaintiff's claim of fraud in the inducement is preempted by ERISA.

■ With respect to Plaintiff's other state law claims, it is clear that those claims are also preempted. Section 514(a) of ERISA pre-empts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the Act. 29 U.S.C. § 1144(a) (1982); *National Companies Health Plan v. St. Joseph's Hosp.*, 929 F.2d 1558 (11th Cir.1991); *Seamon v. Vaughan*, 921 F.2d 1217, 1219 (11th Cir. 1991). The threshold question, then, is whether an "employee benefit plan" exists. Neither party in this case contest the existence of an ERISA plan. Because such a plan exists, ERISA expressly pre-empts common law causes of action which "relate[s] to" the plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987).

■ A federal court interpreting ERISA's "relate to" language should give the phrase "its broad common-sense meaning, such that a state law 'relate to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct.

---

1. Count VIII, a consortium claim filed for Plaintiff Leslie Kritzman, was dismissed without prej-

udice by stipulation between the parties. (Doc. No. 36, filed April 9, 1996).

**1168**

2380, 2388–89, 85 L.Ed.2d 728 (1985)). This Circuit has explicitly adopted the "common-sense" approach for the interpretation of "relate to." *See Brown v. Connecticut General Life Ins. Co.,* 934 F.2d 1193, 1195 (11th Cir. 1991); *Belasco v. W.K.P. Wilson & Sons, Inc.,* 833 F.2d 277, 281 (11th Cir.1987).

Plaintiff's claims have been considered by other courts and have been deemed preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (holding that claims for mental and emotional distress and for fraud in the inducement are preempted by ERISA); *Variety Children's v. Century Medical Health Plan,* 57 F.3d 1040 (11th Cir.1995) (holding that statutory bad faith claim and misrepresentation claim are preempted by ERISA); *In re General Motors Corp.,* 3 F.3d 980 (6th Cir.1993) (holding that right to privacy claim is preempted by ERISA); *Rollo v. Maxicare of Louisiana, Inc.,* 695 F.Supp. 245 (E.D.La.1988) (holding that tortious interference claim is preempted). The Court agrees with the reasoning of these cases and finds that the facts as alleged by Plaintiff in this case are sufficiently similar to warrant a similar result in this case.

Accordingly, Defendant's Motion to Dismiss (Doc. No. 17) is GRANTED. Counts III through VII of Plaintiff's Complaint are DISMISSED. Counts I and II of Plaintiff's Complaint are deemed to be claims for benefits under ERISA. Plaintiff's request for a Jury Trial is hereby STRICKEN. *See Blake v. Unionmutual Stock Life Insurance Company,* 906 F.2d 1525 (11th Cir.1990).

DONE AND ORDERED.