114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel ARREDONDO, husband; Idelia Arredondo, wife; Rudolfo
Cortez, husband; Alma Cortez, wife, Plaintiffs-Appellants,
v.
UNIROYAL GOODRICH TIRE CO., a Delaware Corporation; the
B.F. Goodrich Company, a New York corporation;
Pace Membership Warehouse, Inc., a
Colorado corporation,
Defendants-Appellees.
 No. 95-17309.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1997.
Decided May 29, 1997.
 
 Before: CHOY, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal Rules of Evidence 702 governs the admissibility of expert opinion testimony. It states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed.R.Evid. 702. First, Rule 702 requires that the evidence "assist the trier of fact," in other words, that it be relevant. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993). Second, it demands that the evidence be reliable. Id.
 
 I. RELIABILITY OF TESTIMONY
 
 3
 The district court has the obligation to ensure that testimony is reliable and will help the trier of fact. Id. at 590. To ensure reliability, Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs. Id.
 
 
 4
 Having considered all of the testimony of Loren Forney, appellants' expert witness, including his failure to note a puncture in the tire, his inability to dismiss various other possible causes of the tread-off, his lack of knowledge about adhesion failures generally, and his inability satisfactorily to explain the reasoning behind his opinions, the district court found that Forney's testimony, whether scientific or technical, was unsubstantiated and subjective, and therefore unreliable and inadmissible. The district court found that appellants failed to provide sufficient evidence to show that Forney based his conclusions on reliable scientific or technical knowledge that would assist the trier of fact. See id. We agree.
 
 II. APPLICABILITY OF DAUBERT
 
 5
 We need not decide whether Forney's testimony is scientific or technical in nature, and whether Daubert applies, because we find that his testimony does not meet Rule 702's reliability standard.
 
 
 6
 III. BURDEN OF PROOF FOR PRODUCTS LIABILITY CLAIM
 
 
 7
 The Arredondo-Cortez families' claim that the district court abused its discretion by imposing a burden of proof higher than is required by Arizona law for strict products liability claims is meritless. The district court only required plaintiffs to prove sufficient to allow a trier of fact to reasonably infer it more probable than not, that the tire was defective and unreasonably dangerous. This is the correct standard of proof. See Dietz v. Waller, 685 P.2d 744, 747 (1984); Restatement (Second) of Torts, § 402A (1965).
 
 IV. APPLICATION OF DAUBERT IN DIVERSITY CASE
 
 8
 The Arredondo-Cortez families also claim that the district court violated the twin aims of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), by applying Daubert in this diversity action because Arizona state courts routinely admit expert testimony similar to Forney's under the more stringent test of Frye v. United States, 293 F. 1013 (D.C.Cir.1923). Because we do not reach the issue of the applicability of Daubert in this case, we decline to address appellants' contention.
 
 
 9
 V. DISTRICT COURT'S CONSIDERATION OF UNTIMELY EVIDENCE
 
 
 10
 Plaintiffs argue that the district court abused its discretion by considering evidence that was untimely disclosed in violation of Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs failed to object to the introduction of this evidence before the district court issued its decision, and the evidence is therefore admissible. Beech Aircraft Corp. v. United States, 51 F.3d 834, 841 (9th Cir.1995) (citing Seamon v. Vaughan, 921 F.2d 1217, 1220 (11th Cir.1991) (declining to hear argument on appeal where party failed to raise it to district court prior to final judgment, even though issue was presented to district court in Rule 59 motion)).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3