**Vann K. HOWARD and Kathryn D. Howard, Plaintiffs-Appellants,**

v.

**PARISIAN, INC., etc.; Parisian Employees Health Care Plan; Hahn Shoe Company, et al.; Protective Life Insurance Company, Defendants-Appellees.**

No. 86–7401.

United States Court of Appeals, Eleventh Circuit.

Jan. 20, 1987.

Stephen D. Heninger, Hare, Wynn, Newell & Newton, Birmingham, Ala., for plaintiffs-appellants.

Lee H. Zell, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, Ala., for defendants-appellees.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and ESCHBACH *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This case involves an appeal from two orders dismissing a count alleging certain state law claims and striking a jury demand for the other count. We affirm the dismissal of the count alleging the state law claims and dismiss the appeal concerning the jury demand for lack of jurisdiction.

## BACKGROUND

On February 28, 1986, Vann K. Howard and his wife ("Howard") filed a complaint in Alabama state court against Parisian, Inc., Parisian Employees' Health Care Plan ("Plan"), and Hahn Shoe Company. Howard, an employee of Parisian and a beneficiary of the Plan, was severely injured in an automobile accident. A few days later Parisian terminated Howard's employment, causing Howard's coverage under the Plan to cease six months later. Parisian refused to pay any of Howard's medical expenses after his coverage ceased. In his suit, Howard sought the recovery of additional health care benefits under the Plan (Count I). Howard also sought compensation for the bad faith refusal to pay such benefits and the outrageous and intentional infliction of emotional distress (Count II). He demanded a jury trial for both counts.

Because the Plan is regulated under the Employee Retirement Income Security Act of 1974 ("ERISA"), the defendants removed the case to the United States District Court for the Northern District of Alabama. Parisian and the Plan then filed a motion under Fed.R.Civ.P. 12(b)(6) to dismiss Count II and a motion to strike the jury demand as to Count I. Before ruling on these motions, the district court granted Howard leave to file an amended complaint. In his amended complaint, Howard joined Protective Life Insurance Company ("Protective"), the claims administrator of

---

the Plan, as a defendant and added a conspiracy count as to all of the defendants.

After Howard filed his amended complaint, the court granted both motions in the same order. Concluding that the Plan was an "employee welfare benefit plan" within the meaning of ERISA, the court dismissed Count II because it asserted state law claims preempted by Section 514(a) of ERISA, 29 U.S.C.A. § 1144(a). The court also struck the jury demand for Count I. The court entered final judgment on this order under Fed.R.Civ.P. 54(b). The court denied Howard's motion to reconsider the striking of the jury demand.

Parisian, the Plan, and Protective then moved to dismiss the amended complaint. The court dismissed without prejudice all claims against them added by the amended complaint. However, the court required Protective to answer the allegations of Count I of the original complaint charging it with a violation of ERISA. The court also certified this order as a final judgment under Rule 54(b). Howard now appeals both orders.

## DISCUSSION

### A. PREEMPTION OF STATE LAW CLAIMS

There is no doubt that the Plan is governed by ERISA. ERISA applies to all employee benefit plans established by any employer engaged in interstate commerce or in any industry affecting interstate commerce. 29 U.S.C.A. § 1003(a)(1). An employee benefit plan can be either an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C.A. § 1002(3). An employee welfare benefit plan is:

> any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for

its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death....

29 U.S.C.A. § 1002(1).

Established by Parisian in order to provide health care benefits to participating employees, the Plan is a self-funded employee welfare benefit plan. Parisian is engaged in interstate commerce. Therefore, the Plan constitutes an employee benefit plan established by an employer engaged in interstate commerce and is governed by ERISA.

With exceptions that are irrelevant here,[1] ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C.A. § 1144(a). Because Congress intended the regulation of employee benefit plans to be exclusively a federal concern, *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981), the Supreme Court has broadly interpreted the "relate to" language of Section 1144(a) as encompassing any state law that has a "connection with or reference to" employee benefit plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Thus ERISA preempts all state laws insofar as they apply to employee benefit plans even if those laws do not expressly concern employee benefit plans and amount only to indirect regulation of such plans. *Id.* at 98, 103 S.Ct. at 2900; *Alessi*, 451 U.S. at 523–25, 101 S.Ct. at 1906–07. Furthermore, ERISA preempts all such laws regardless of whether they conflict with any specific provision of ERISA. Otherwise, the regulation of employee benefit plans would not be exclusively a federal concern. *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 2389, 85

---

**1.** The exceptions in general concern (1) causes of action that accrued prior to January 1, 1975; (2) state insurance, banking, and securities laws; (3) state criminal law; and (4) state domestic relations law. 28 U.S.C.A. § 1144(b).

L.Ed.2d 728 (1985); *Shaw,* 463 U.S. at 98–99, 103 S.Ct. at 1900–01.

■ Admittedly some state laws affect employee benefit plans too tenuously to be characterized fairly as relating to employee benefit plans. *See, e.g., Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1465–70 (5th Cir.1986) (corporate officer's fiduciary duties to shareholders not preempted simply because employee benefit plan is shareholder); *Lane v. Goren,* 743 F.2d 1337, 1339–41 (9th Cir.1984) (state anti-discrimination laws apply to employees of benefit plan); *Bowen v. Bowen,* 715 F.2d 559, 560–61 (11th Cir.1983) (per curiam) (garnishment of spouse's benefit plan income in order to enforce alimony payment not preempted). Nor are state laws preempted merely because they have an economic impact on employee benefit plans. *See, e.g., Rebaldo v. Cuomo,* 749 F.2d 133, 137–40 (2d Cir.1984), *cert. denied,* 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985) (state statute establishing hospital rates chargeable to employee benefits plans not preempted).

■ However, if a state law claim arises out of the administration of benefits under a plan, the claim is preempted. *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1505 (9th Cir.1985). Thus this Circuit and other circuits have uniformly held that state law challenges to the denial of benefits under an employee benefit plan are preempted. *See, e.g., Gilbert v. Burlington Industries, Inc.,* 765 F.2d 320, 326–28 (2d Cir.1985), *aff'd,* — U.S. —, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986) (state law claim seeking to obtain severance pay provided by employee benefit plan preempted); *Powell v. Chesapeake & Potomac Telephone Co.,* 780 F.2d 419, 421–22 (4th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 2892, 91 L.Ed.2d 558 (1986) (state law claims for intentional infliction of emotional distress, breach of covenant of good faith and fair dealing, breach of contract, and unfair trade practices arising out of denial of disability benefits preempted); *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208,

1214–16 (8th Cir.), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981) (state law claims for tortious interference with contract and fraud arising out of denial of severance pay preempted); *Ellenburg v. Brockway, Inc.,* 763 F.2d 1091, 1095 (9th Cir.1985) (state law claims to recover wrongfully withheld retirement benefits preempted); *Phillips v. Amoco Oil Co.,* 799 F.2d 1464, 1469–70 (11th Cir.1986) (state fraud claim seeking damages for lost benefits preempted). Howard's state law claims seek compensation for the termination of health care benefits under the Plan. Although the state law causes of action on which Howard relies do not exclusively concern the regulation of employee benefit plans, their use here "relates to" an employee benefit plan regulated by ERISA, thus Howard's state law claims are preempted.

Howard argues that, even if his state law claims are preempted against the Plan and Parisian, they are not preempted against Protective. As indicated above, Protective is the Plan administrator, performing only claim-processing, investigatory, and record-keeping duties. Protective performs these duties under an independent contract with Parisian. Thus, Protective is not a fiduciary of the Plan, and it has no obligation governed by ERISA. *See* 29 U.S.C.A. § 1002(21)(A). Therefore, Howard concludes, ERISA does not preclude the assertion of state law·claims against Protective.

■ Admittedly ERISA does not regulate the duties of non-fiduciary plan administrators. Thus in *Munoz v. Prudential Insurance Company of America,* 633 F.Supp. 564, 570–72 (D.Colo.1986), the court found that ERISA does not preempt state law claims seeking compensation for wrongfully denied medical benefits against non-fiduciary plan administrators. However, in *Light v. Blue Cross And Blue Shield of Alabama,* 790 F.2d 1247, 1248–49 (5th Cir.1986), the Fifth Circuit reached the opposite result, squarely holding that ERISA preempts the assertion of such

claims against non-fiduciary administrators of self-funded employee benefit plans.

The Fifth Circuit's reasoning in *Light* is persuasive and relies on the broad language of both Section 1144(a) and the Supreme Court's opinions interpreting that section. Section 1144(a) preempts *all* state laws insofar as they relate to employee benefit plans and is not limited to state laws as applied only to plan fiduciaries. Congress endowed ERISA with this broad preemptive effect to ensure exclusive federal regulation of employee benefit plans. *Alessi*, 451 U.S. at 523, 101 S.Ct. at 1906. Allowing plan beneficiaries to assert state law claims against non-fiduciary plan administrators for the wrongful termination of benefits would upset the uniform regulation of plan benefits intended by Congress. Preemption is required if the assertion of a state law claim would contravene the structure and purpose of a federal statute. *Shaw*, 463 U.S. at 95, 103 S.Ct. at 2898; *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977). Therefore, Howard's state law claims against Protective are preempted.[2] Howard argues in response that prohibiting his state law claims against Protective would leave a "gap" in the law because Protective would not be liable under either ERISA or state law for the wrongful termination of benefits. However, as this Court observed in *Phillips*, 799 F.2d at 1470, such a gap is legitimate if it is the result intended by Congress.

Howard's other arguments are unavailing. Howard attaches considerable importance to the fact that the Plan agreement adopts Alabama law as the governing law. However, the Plan agreement explicitly adopts state law only to the extent not preempted by ERISA. Furthermore, even if the Plan agreement purported to be gov-erned exclusively by state law, it could not override the preemptive effect of ERISA. *Light*, 790 F.2d at 1248. Therefore, it has no bearing on whether ERISA preempts Howard's state law claims.

Howard also argues that this Court should hold that extra-contractual relief is available under ERISA for the fraudulent and malicious denial of medical benefits under an employee welfare benefit plan and should fashion that relief to parallel the relief available under state law. *See Helms v. Monsanto Co.*, 728 F.2d 1416, 1420 (11th Cir.1984) (ERISA intends courts to develop federal common law concerning rights and obligations under employee benefit plans). In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 3089–94, 87 L.Ed.2d 96 (1985), the Supreme Court held that Section 409(a) of ERISA, 29 U.S.C.A. § 1109(a), does not create a private right of action in favor of a plan beneficiary against a plan fiduciary for extra-contractual compensatory or punitive damages on account of the improper refusal to pay benefits. However, the Court did not address whether such relief was available under any other provision, *Russell*, 473 U.S. at —— n. 5, 105 S.Ct. at 3089 n. 5, and Justice Brennan, in his concurrence in which three other Justices joined, strongly indicated that Section 502(a)(3), 29 U.S.C.A. § 1132(a)(3), which allows a beneficiary to "obtain other appropriate equitable relief," permits a beneficiary to recover such extra-contractual damages. *Russell*, 473 U.S. at ——, 105 S.Ct. at 3094–99 (Brennan, J., concurring). Nonetheless, even assuming *arguendo* that such extra-contractual relief is available under ERISA, the assertion of claims arising under state law is still preempted. Therefore, the district court properly dismissed Count II of the complaint.

---

**2.** We observe here that the insurance exception to § 1144(a) is inapplicable even though Protective is an insurance company. 29 U.S.C.A. § 1144(b)(2)(A) provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." This exception applies only to state laws that regulate the business of insurance and not to state laws that merely affect insurance companies in some way. An insurance company acting as an administrator for a self-funded plan is not acting as an insurance agent. *Powell*, 780 F.2d at 423–24. Therefore, this exception is inapplicable.

## B. RIGHT TO JURY TRIAL

This Court lacks jurisdiction to review the district court's order striking Howard's demand for a jury trial on Count I. Although the district court certified this order as a final judgment under Rule 54(b), the district court lacked authority to do so. A district court can enter a final judgment on an order under Rule 54(b) only if that order completely disposes of a claim. Rule 54(b) does not empower a court to transform an interlocutory order into a final order for purposes of appeal. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956); *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368–69 (11th Cir.), *cert. denied*, 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983). Because an order denying a jury demand does not dispose entirely of a claim but leaves the claim pending for a bench trial, it is an interlocutory order. *City of Morgantown v. Royal Insurance Co.*, 337 U.S. 254, 256–58, 69 S.Ct. 1067, 1068–69, 93 L.Ed. 1347 (1949). Therefore, the order was not subject to certification under Rule 54(b).

Nor does such an order fall within the narrow confines of the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). *Cohen* vests this Court with jurisdiction to review an otherwise interlocutory order if that order (1) conclusively determines a disputed question; (2) resolves an issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 531 (1978). All three criteria must be met to satisfy *Cohen*. *Mitchell v. Forsyth*, 472 U.S. 511, 527–30, 105 S.Ct. 2806, 2815–17, 86 L.Ed.2d 411 (1985).

An order denying a jury trial in a civil action fails to satisfy at least the second prong of this test. As the Supreme Court recently held, if establishing a violation of a right requires a showing of prejudice, then a pretrial order denying that right is not independent of the issues to be tried because its validity cannot be assessed until the trial is concluded. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 2764–65, 86 L.Ed.2d 340 (1985), *Flanagan v. United States*, 465 U.S. 259, 268–69, 104 S.Ct. 1051, 1056, 79 L.Ed.2d 808 (1984). An order denying a plaintiff's demand for a jury trial in a civil action is harmless error if the evidence presented at trial is insufficient to withstand a motion for a directed verdict. *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144–45 (5th Cir.1979). Therefore, such an order is not completely separate from the merits of the action and fails to qualify as a collateral order under *Cohen.*

The "conceptually distinct" standard used in *Mitchell*, 472 U.S. at 527–29, 105 S.Ct. at 2816–17, does not require a different result. In *Mitchell*, the Supreme Court held that the issue of a defendant's entitlement to qualified immunity is collateral to the merits even though the court must consider the plaintiff's factual allegations in resolving the issue. Likewise, a court determining whether a plaintiff is entitled to a jury trial in a civil action must consider the plaintiff's allegations. However, a defendant's entitlement to qualified immunity is not subject to the harmless error doctrine; therefore, the relaxed standard in *Mitchell* did not modify *Richardson-Merrell* and *Flanagan.*

Although neither Rule 54(b) nor *Cohen* vests this Court with jurisdiction, a district court can certify an interlocutory order for appeal under 28 U.S.C.A. § 1292(b) if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." However, even if the district court had relied on Section 1292(b), we would have exercised our discretion under that provision not to entertain this appeal. The district court properly characterized Count I as an action to recover benefits due under the Plan; therefore, Howard's claim arises under Sec-

tion 502(a)(1)(B) of ERISA, 29 U.S.C.A. § 1132(a)(1)(B). The former Fifth Circuit squarely held that such actions are not entitled to trial by jury. *Calamia v. Spivey,* 632 F.2d 1235, 1236–37 (5th Cir.1980). Every other circuit addressing the issue has reached the same conclusion. *See, e.g., Katsaros v. Cody,* 744 F.2d 270, 278–79 (2d Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *Turner v. CF & I Steel Corp.,* 770 F.2d 43, 47 (3d Cir. 1985), *cert. denied,* — U.S. ——, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *Berry v. Ciba-Geigy Corp.,* 761 F.2d 1003, 1006–07 (4th Cir.1985); *Wardle v. Central States, Southeast & Southwest Areas Pension Fund,* 627 F.2d 820, 828–30 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981); *In re Vorpahl,* 695 F.2d 318, 319–22 (8th Cir.1982). Therefore, there is no basis for concluding that a substantial ground for a difference of opinion exists as to whether Howard is entitled to a jury trial on Count I. Nor do we see any reason why an immediate appeal of the order is necessary to advance materially the termination of the litigation. Furthermore, there is an insufficient overlap in issues with the dismissal of Count II to assume pendent appellate jurisdiction over the appeal of this order. *See, San Filippo v. U.S. Trust Co. of New York,* 737 F.2d 246, 255 (2d Cir.1984), *cert. denied,* 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985).

Accordingly, the orders dismissing Howard's state law claims are AFFIRMED, and the appeal of the district court's order striking Howard's jury demand is DISMISSED for want of jurisdiction.