Karen **WHEELUS**, Plaintiff,

v.

**NECA/IBEW WELFARE TRUST FUND**, Defendant.

**Civ. A. No. 91–398–3–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

April 10, 1992.

Walter Gilbert Sammons, Jr., George L. Williams, Jr., Warner Robins, Ga., for plaintiff.

James T. Langford, Atlanta, Ga., for defendant.

---

**1213**

## ORDER

OWENS, Chief Judge.

Before the court are defendant's motion for summary judgment, defendant's motion to strike plaintiff's demand for jury trial, and plaintiff's motion to reconsider her motion to remand. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

Plaintiff, Karen Wheelus, has a serious illness that must be treated daily to prevent death. A divorce case, filed October 29, 1989, is pending between plaintiff and her husband, but no final order has been issued in the case. No final order of legal separation has been ordered as well.

Plaintiff's husband is a member of the National Electrical Contractors Association/International Brotherhood of Electrical Workers ("NECA/IBEW"). Defendant is the NECA/IBEW Welfare Trust Fund, which provides health insurance coverage to NECA/IBEW members and their eligible "dependents". Under the terms of the plan, a dependent is defined as follows:

A "dependent" shall mean any one of the following individuals:

(a) the Employee's spouse if not legally separated or divorced from the Employee....

In addition, "Benefits for Eligible Dependents shall terminate upon the earliest of the following: ... (e) with respect to a legal separation or divorce, on the date the legal separation or divorce decree is· entered by the court and finalized."

Plaintiff's complaint in the divorce proceeding states, "[p]laintiff and defendant separated on or about August 10, 1989, and they have been living in a bona fide state of legal separation since that time." Defendant purchased a copy of the divorce file from Houston County Superior Court on July 10, 1991. After obtaining the file, defendant notified physicians and other entities who provided medical attention to plaintiff with the following letter:

We have been advised through legal counsel the above is not, and has not been a dependent of our insured Harold E. Wheelus, Jr., since August 10, 1989. Therefore we are requesting a refund in the amount of (the amount provided) be sent to our office. Should you as a provider have any claims in our office for consideration, please consider this a formal denial based on the above reason. We would appreciate your prompt attention to this request in refunding the above amount at your earliest convenience.

Defendant also telephoned these doctors and other entities to convey this information.

In August, 1991, plaintiff filed a petition in equity in the Superior Court of Houston County to estop defendant from denying that plaintiff is covered by the fund. The court entered a permanent injunction such that defendant cannot deny plaintiff's status as a dependent under the fund. Defendant has been paying plaintiff's medical bills pursuant to that order.

Plaintiff filed the case at bar originally in the Superior Court of Houston County. In her complaint, she alleges that since defendant had obtained a copy of her divorce case file, defendant knew that no final order of divorce or legal separation had been entered in the case. Thus, when defendant notified physicians that plaintiff was no longer covered under the plan, defendant knew that this was false. Furthermore, plaintiff alleges that the notification letter is libelous in that it falsely accuses plaintiff of committing fraud when she received health insurance benefits from defendant after August 10, 1989. She also claims that defendant committed slander through its telephone calls to certain entities when notifying these entities that plaintiff had not been covered by insurance since August 10, 1989. Plaintiff's third claim is that defendant intentionally inflicted emotional distress upon her when it committed these acts.

Defendant had the case removed to this court because defendant is an employee welfare benefit plan under § 1002(1) of

ERISA. The court denied plaintiff's motion to remand by order dated January 14, 1992.

## DISCUSSION

Defendant claims that plaintiff's tort claims are preempted by ERISA, 29 U.S.C. §§ 1001, *et seq.* First, defendant is governed by ERISA because it is an "employee welfare benefit plan" as defined under 29 U.S.C. § 1002(1) and an "employee benefit plan" under § 1002(3). ERISA applies to all "employee benefit plans" not otherwise exempt, § 1003(a), and no exemptions apply to defendant.

Second, under § 1144, "the provisions [of ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." A "state law cause of action 'relates to' an employee benefit plan if the [defendant's] conduct giving rise to such claim was not 'wholly remote in content' from the benefit plan." *Farlow v. Union Central Life Ins. Co.,* 874 F.2d 791, 794 (11th Cir.1989). In *Farlow,* the Eleventh Circuit found that plaintiffs' claims that defendant acted fraudulently and negligently when it failed to disclose certain information about the plan's coverage to plaintiffs were preempted. *Id.* at 794. The alleged conduct was "not only contemporaneous with [defendant's] refusal to pay benefits, but [it was] intertwined with the refusal to pay benefits." *Id.* Thus, the court found that the claims were not "wholly remote in content" from the plan. *Id.*

In this case, all of plaintiff's claims are "related" to defendant's failure to pay benefits to plaintiff. First, plaintiff alleges that defendant committed libel and slander when it notified plaintiff's physicians that plaintiff was no longer covered under the plan and had not been covered since August 10, 1989. Defendant's notification to plaintiff's physicians is directly intertwined with defendant's refusal to pay benefits under the plan.

Plaintiff also claims that defendant intentionally inflicted emotional distress upon her when defendant maliciously refused to pay her benefits with knowledge that she

was really covered under the plan. This claim directly arises from defendant's refusal to pay benefits; thus, it is not "wholly remote in content" from the plan. *Compare Howard v. Parisian, Inc.,* 807 F.2d 1560 (11th Cir.1987) (claim of intentional infliction of emotional distress arising out of an administrator's refusal to pay benefits is preempted) *with Clark v. Coats & Clark, Inc.,* 865 F.2d 1237 (11th Cir.1989) (claim of intentional infliction of emotional distress arising only out of employer's wrongful termination of plaintiff is not preempted). Thus, plaintiff's intentional infliction of emotional distress claim is preempted.

Because ERISA applies to all of plaintiff's state law claims, defendant is entitled to summary judgment. In *McRae v. Seafarers' Welfare Plan,* 920 F.2d 819, 821 (11th Cir.1991), the Eleventh Circuit held that extra-contractual and punitive damages are not available under ERISA. The court found that 29 U.S.C. § 1132(a)(3), which provides that a fund participant may bring a civil action "to obtain other appropriate equitable relief", limits the remedies available under ERISA to equitable remedies. *Id.* at 822.

In *McRae,* plaintiffs sought to compel defendant to pay their medical expenses under the plan and also sued for compensatory and consequential damages for emotional distress and other mental anguish. Plaintiffs were not entitled to any award of extra-contractual relief. *Id.* at 823.

In our case, plaintiff has already received an award for the contractual relief to which she is entitled through the order of the Superior Court of Houston County. The order of that court demands that defendant continue to pay for plaintiff's medical expenses. Plaintiff's claims in this case are claims for compensatory and punitive damages arising from defendant's failure to pay these expenses. Such extra-contractual and punitive relief is not permitted under ERISA at this time.

Accordingly, defendant's motion for summary judgment is GRANTED. Consequently, defendant's motion to strike jury demand and plaintiff's motion to reconsider

her motion to remand have been rendered moot and are therefore DISMISSED.

SO ORDERED.