Milos **SARAVOLATZ**, as the personal representative of the estate of Annie Donna Saravolatz, Plaintiff,

v.

**AETNA US HEALTHCARE,** Defendant.

No. Civ.A. 98–40423.

United States District Court, E.D. Michigan, Southern Division.

May 18, 1999.

---

Larry W. Bennett, Cox, Hodgman & Giarmarco, Troy, MI, for Plaintiff.

Francis R. Ortiz, Dickinson, Wright, PLLC, Detroit, MI, for Defendant.

### MEMORANDUM OPINION AND OR-DER DENYING PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COM-PLAINT

GADOLA, District Judge.

Presently before the Court is a motion for summary judgment filed on March 23, 1999 by plaintiff Milos Saravolatz, as the personal representative of the estate of Annie Donna Saravolatz. Plaintiff seeks a declaratory judgment that defendant Aetna U.S. Healthcare (Aetna) is liable for medical bills incurred on behalf of plaintiff's decedent and that plaintiff is not required to reimburse defendant. Plaintiff is a participant in an ERISA-qualified Lincoln National Life Insurance Company Agents' Life, Health and Accident Plan. On April 30, 1999, defendant filed a response to the instant motion. A reply brief was submitted by plaintiff on May 10, 1999.

For the reasons set forth below, the Court will deny plaintiff's motion for summary judgment and dismiss without prejudice the instant action due to the fact that plaintiff has failed to exhaust his administrative remedies.[1]

---

1. Plaintiff's motion for summary judgment will be decided on the briefs submitted by the respective parties and without the necessity for oral argument pursuant to L.R. 7.1(e)(2) (E.D.Mich.1998).

## I. FACTUAL BACKGROUND

On January 24, 1998, Annie Saravolatz was shot while attending a party at a friend's home. The shooting resulted from the accidental discharge of a weapon. Ms. Saravolatz was hospitalized and required extensive medical treatment costing in excess of $300,000. She remained hospitalized until March 21, 1998, at which time she died from her injuries.

Plaintiff Milos Saravolatz, decedent's father, is an employee of Lincoln National Corporation and a participant in the Lincoln National Life Insurance Company Agents' Life, Health and Accident Plan ("Plan"). It is undisputed that the Plan is a qualified plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*

After receiving plaintiff's claim for benefits, defendant sent plaintiff a letter on May 4, 1998 requesting more information and asking plaintiff to sign a reimbursement agreement. The proposed agreement required plaintiff to reimburse the Plan for all payments provided under the Plan in the event of recovery from any third person legally responsible for decedent's injuries. *See* May 4, 1998 letter attached as Exh. A to plaintiff's brief. According to defendant, this request to sign the reimbursement agreement was made pursuant to the Plan's "Third–Party Liability Exclusion." *See* Exh. A, Tab 2 to defendant's brief.

Plaintiff refused to sign the reimbursement agreement while his counsel contacted defendant in order to obtain the relevant Plan language. *See* Exh. C, E, G and H to plaintiff's brief. Following this exchange of correspondence, plaintiff formally demanded payment by letter dated October 13, 1998. *See* Exh. C to defendant's brief. On November 11, 1998, plaintiff again demanded payment enclosing a state court complaint which plaintiff stated would be filed the next day. *See* Exh. D to defendant's brief. On November 13, 1998, defendant formally responded to plaintiff's November 11, 1998 letter confirming that, as directed by Lincoln National Corporation, defendant was declining to authorize payment until plaintiff signed the reimbursement agreement. *See* Exh. E to defendant's brief.

Plaintiff failed to pursue any review by the Plan Administrator, as required by Section 7 of the Plan. Instead, plaintiff filed the instant action on November 12, 1998 *before* receiving defendant's November 13, 1998 letter. Plaintiff therefore brought suit *before* his claim was denied and without pursuing any administrative remedies available to plaintiff under the terms of the Plan.[2]

## II. SUMMARY JUDGMENT IS NOT AVAILABLE IN ERISA DENIAL OF BENEFITS ACTIONS

At the outset, the Court notes that the Sixth Circuit in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir.1998), has held that summary judgment procedures are "inapposite to the adjudication of ERISA actions" to recover benefits. *See id.* at 619; *see also Eriksen v. Metropolitan Life Ins. Co.*, 39 F.Supp.2d 864, (E.D.Mich.1999) (Rosen, J.). In *Wilkins,* the court held that "[b]ecause this court's precedents preclude an ERISA action from being heard by the district court as a

---

2. The instant case was removed from state court on December 18, 1998. Defendant has raised affirmative defenses including plaintiff's failure to sue the proper party and failure to exhaust his Plan remedies. In addition, defendant asserts that the parties have now "agreed in principle that the Plan will pay plaintiff's medical expenses as though he had signed a reimbursement agreement...." This agreement was allegedly made without prejudice to the Plan's claim that plaintiff was obligated to sign a reimbursement agreement prior to receiving benefits and that the Plan has a lien against proceeds of the recovery in the wrongful death action. Defendant maintains that in view of this purported agreement and plaintiff's admitted failure to exhaust the Plan's remedies, "Plaintiff's claim for benefits is now moot and this Court should dismiss Plaintiff's Complaint without prejudice." Defendant's brief at p. 5, n. 3

regular bench trial, it makes little sense to deal with such an action by engaging a procedure designed solely to determine "'whether there is a genuine issue for trial.'"[3] *Wilkins*, 150 F.3d at 619; *see also Eriksen*, 39 F.Supp.2d at 865–66. In keeping with *Wilkins* and Judge Rosen's recent opinion in *Eriksen*, this Court will evaluate the instant motion not as a motion for summary judgment but rather as a motion for entry of judgment seeking reversal of the plan administrator's decision to deny plaintiff's claim."

■ The purpose of the instant law suit is to review the plan administrator's decision to deny plaintiff's claim for benefits until plaintiff had signed a reimbursement agreement. Such decision is subject to de novo review *unless* the Plan confers upon the plan administrator the discretion to make factual determinations and to construe the terms of the documents. *See Evans v. Ameritech*, 12 F.Supp.2d 655, 658 (E.D.Mich.1998) (Gadola, J.) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). If the Plan expressly grants the Plan administrator or fiduciary the authority to determine eligibility for benefits or to construe the plan's terms, the de novo standard of review is replaced by an "arbitrary and capricious" standard. *See id.* (citing *Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir.1990)).

■ In the case at bar, Section 8.01 of the Plan provides that the plan administrator "shall have complete authority and discretion to interpret and administer the Plan, including without limitation the power to ... determine eligibility for benefits under the Plan, interpret and construe the Plan's terms and resolve all questions relating to eligibility...." Therefore, the arbitrary and capricious standard applies. A plan administrator's "determinations are 'not arbitrary and capricious if they are rational in light of the plan's provisions.'" *Perry v. United Food & Comm'l Workers District*, 64 F.3d 238, 242 (6th Cir.1995) (quoting *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir.1991)).

### III. PLAINTIFF'S COMPLAINT MUST BE DISMISSED WITHOUT PREJUDICE BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES UNDER THE PLAN

This Court need not even reach the issue of whether the plan administrator's denial of plaintiff's claim was an "arbitrary and capricious" exercise of discretionary authority. This is because any such review by this Court would be inappropriate in light of the fact that plaintiff has failed to exhaust his administrative remedies prior to filing the instant action as required under Sections 7.02 and 7.04 of the Plan.[4]

3. The Sixth Circuit in *Wilkins* provided the following "suggested guidelines" for district courts to follow in adjudicating an ERISA action:

1. As to the merits of the action, the district court should conduct a de novo review [unless the "arbitrary or capricious" standard is applicable] based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.

2. The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

3. For the reasons set forth above, the summary judgment procedures set forth in Rule 56 are inapposite to ERISA actions and thus should not be utilized in their disposition.

Id. at 619.

4. Section 7.02 of the Plan provides, in pertinent part, that "claimants shall not be entitled to challenge the Plan Administrator's determinations in judicial or administrative proceedings without first filing the written request for

■ It is well-settled that a participant in an ERISA-qualified employee health benefits plan is required to exhaust all available administrative remedies established under the plan before bringing action in federal court. *See Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991); *see also Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991) ("[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court"); *Makar v. Health Care Corp. of Mid–Atlantic*, 872 F.2d 80 (4th Cir.1989). In *Makar*, the court enumerated the following purposes behind the requirement that a plaintiff exhaust his administrative remedies prior to bringing suit in federal court: "to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." *Makar*, 872 F.2d at 83 (citing *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir.1980)).

■ In the present case, plaintiff filed suit on November 12, 1998, *before* receiving the response to his November 11, 1998 demand for payment letter from defendant. On November 13, 1998, defendant formally responded to plaintiff's letter confirming that defendant was declining to authorize payment until plaintiff had signed the reimbursement agreement. *See* Exh. E to defendant's brief. Instead of pursuing the review procedures available under the Plan, as required by Section 7, plaintiff filed the instant action. Plaintiff has thus utterly failed to exhaust his administrative remedies.

■ In his reply brief submitted on May 10, 1999, plaintiff argues that "a court is obliged to exercise its discretion to excuse nonexhaustion where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate."

*See Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir.1998) (citing *Costantino v. TRW Inc.*, 13 F.3d 969 (6th Cir.1994)). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id.* at 419. As the Sixth Circuit has held, a plaintiff is required to show that " 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.' " *Id.* (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir.1996)); *see Communications Workers of America v. AT & T*, 40 F.3d 426 (D.C.Cir.1994).

■ In the instant case, the Court finds that plaintiff has failed to show that resorting to the Plan's administrative procedures would be futile or entail an inadequate remedy. Plaintiff is only able to point to "[t]he correspondence received from Mr. Kirkpatrick ... [which] clearly indicates that Lincoln National Corporation ... will not pay the claim unless the reimbursement agreement is signed." Plaintiff, however, has not demonstrated that "his claim will be denied on appeal." As the D.C. Circuit held in *Communications Workers of America v. AT & T*, "[t]he futility exception is ... quite restricted and has been applied only when resort to administrative remedies is clearly useless." Id. at 432. Accordingly, plaintiff will not be excused from exhausting his administrative remedies on the ground of futility or inadequate remedy.

## IV. IT APPEARS THAT PLAINTIFF HAS FAILED TO SUE THE PROPER PARTY.

Additionally, defendant argues that plaintiff has failed to sue the proper party, i.e., the Plan itself or a Plan fiduciary. *See Gelardi v. Pertec Computer Corp.*, 761

review and otherwise complying with the claim procedures." Section 7.04 provides that "no legal action may be brought against

the Plan prior to the claimant having exhausted all of his administrative remedies under the Plan."

811

F.2d 1323, 1324–25 (9th Cir.1985); *see also Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir.1987); *Zepke v. Aetna*, Slip. Op. at 5–6, No. 90–CV–70738–DT (E.D.Mich. 1990) (Cohn, J.). Defendant Aetna claims that its duties are limited to claims processing and recordkeeping pursuant to an independent contract with Lincoln National Corporation, and thus it is not a fiduciary under the Plan and cannot be subject to suit for benefits allegedly due.

Pursuant to ERISA, 29 U.S.C. § 502(a)(1)(b), a civil action may be brought by a participant or beneficiary to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan or to clarify a right to future benefits under the terms of the plan. As the court in *Gelardi* held, "ERISA permits suits to recover benefits only against the Plan as an entity [29 U.S.C. § 1132(a)(1)(B) & (d) ] and suits for breach of fiduciary duty only against the fiduciary [29 U.S.C. §§ 1109(a) & 1105(a) ]" *Gelardi*, 761 F.2d at 1324. Since plaintiff has not brought an action against the Plan itself, it is apparent that in order for an action to lie in federal court under ERISA, defendant Aetna must be a fiduciary of the Plan in question.

ERISA defines a fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(I). A fiduciary has "authority to control and manage the operation and administration of the plan," 29 U.S.C. § 1102(a)(1), and must provide a "full and fair review" of claim denials, 29 U.S.C. § 1133(2).

Defendant cites several cases holding that an insurance company, such as itself, performing only claim processing, investigatory and recordkeeping duties under an independent contract is not a fiduciary of the plan. *See Howard*, 807 F.2d at 1564; *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 289–90 (11th Cir.1989)

(holding that "[a]n insurance company does not become an ERISA 'fiduciary' simply by performing administrative functions and claims processing within a framework of rules established by an employer"); *accord Zepke*, slip op. at p. 6 ("There is no provision in ERISA authorizing suits against claims processing agents who perform only routine administrative and record keeping functions. Courts have interpreted this gap as prohibiting suits against such parties to compel payments of benefits").

In his reply brief, plaintiff cites language appearing in the Aetna–Lincoln National Corporation contract suggesting that defendant Aetna's duties include more than mere administration of claims. The contract provides, *inter alia*, that

> Aetna shall process requests for benefits and pay such benefits using Aetna's normal claim determination, payment, and audit procedures and applicable cost control standards, in accordance with the terms of the health care plans and this contract.

> \* \* \* \* \* \*

> With respect to health care and dependent care expense reimbursement plans, Aetna shall process requests for benefits and pay such benefits using Aetna's normal payment and audit procedures.

*See* defendant's Exh. B, § 2A(2). Moreover, the contract in question requires that "Aetna shall review (or prepare upon request by a contract holder) the descriptions or summary descriptions of the Plans...." *Id.* § 2A(4).

The Court need not reach the issue of whether defendant Aetna is a plan fiduciary because, as discussed above, plaintiff has failed to exhaust his administrative remedies. The Court notes, however, that it does not appear from the contractual provisions quoted above that defendant qualifies as a "fiduciary" as that term is defined in ERISA. Plaintiff has not shown that defendant exercises any discretionary authority or control respecting

management of the plan. *See* 29 U.S.C. § 1002(21)(A)(I). Nor has plaintiff demonstrated that defendant has "authority to control and manage the operation and administration of the plan." *See* 29 U.S.C. § 1102(a)(1). Rather, plaintiff has merely shown that defendant has entered into an independent contract with Lincoln National Corporation to perform administrative functions and claims processing.

In light of the foregoing considerations, the Court has no choice but to dismiss without prejudice plaintiff's complaint. Not only has plaintiff failed to exhaust his administrative remedies but it appears that plaintiff has failed to sue the plan administrator or a plan fiduciary as required under ERISA. Plaintiff is hereby notified that he may seek judicial review of the denial of his claim for benefits once a decision has been rendered by the plan administrator pursuant to the appeal procedure detailed in the Plan's Section 7. In the event that plaintiff seeks judicial review of that decision, plaintiff may bring suit in federal court against the proper party or parties pursuant to ERISA as discussed hereinabove.

### ORDER

NOW, THEREFORE, IT IS HEREBY **ORDERED** that plaintiff's motion for summary judgment is **DENIED**;

IT IS FURTHER **ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**; a judgment in accordance with this order shall be entered forthwith.

**SO ORDERED.**

### JUDGMENT

The Court, having denied plaintiff's motion for summary judgment and having dismissed without prejudice plaintiff's complaint due to plaintiff's failure to exhaust administrative remedies and to bring suit against a proper party pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*,

It is hereby **ORDERED, ADJUDGED and DECREED** that the above-entitled action be **DISMISSED** without prejudice;

It is further **ORDERED, ADJUDGED and DECREED** that each party shall be responsible for their own respective attorneys' fees, costs and expenses.