Harold **ADKINS**, Plaintiff,

v.

**UNUM PROVIDENT CORPORATION**
and the Sherwin–Williams
Company, Defendants.

No. 3:01–0608.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 22, 2002.

Order denying Motion to amend
Feb. 26, 2002.

Peter T. Skeie, Nashville, TN, for Plaintiff.

Steven Allen Riley, Katharine R. Cloud, Bowen, Riley, Warnock & Jacobson, PLC, Nashville, TN, for UNUM Provident Corp.

Teresa Rider Bult, Constangy, Brooks & Smith, Nashville, TN, Edward Katze, Ashlee J. Mann, Constangy, Brooks & Smith, LLC, Atlanta, GA, for Defendants.

## MEMORANDUM

WISEMAN, Senior District Judge.

Before the Court are various motions filed by various parties. First, Defendant Unum Provident Corporation ("UPC") has filed a motion to dismiss the claims against it. Second, Plaintiff Harold Adkins ("Adkins") has filed a motion to amend his complaint. Finally, Adkins has filed two motions to append the record. For the following reasons, UPC's motion to dismiss is GRANTED, and Adkins's motions are DENIED in their entirety.

### I. Relevant Facts

This is an action brought pursuant to the Employee Retirement Income Security Act ("ERISA") in which Adkins claims that his long-term disability benefits were wrongfully terminated. Adkins was employed by Defendant Sherwin–Williams Company ("Sherwin–Williams") and was covered by its Long Term Disability Plan ("the Plan"). The Plan is subject to regulation by ERISA.

Adkins was hospitalized in December 1997 with acute pulmonary edema and chest pain. He has not performed substantial gainful employment since that time. Adkins underwent triple bypass surgery in March 1998.

On June 30, 1998, Sherwin–Williams wrote to Adkins to inform him that he was eligible for benefits under the Plan effective June 13, 1998. The monthly benefit amount was to be paid to Adkins until retirement at age 65 so long as Adkins remained disabled, did not retire, or did not become employed. The basis for the disability was ischemic cardiomyopathy, which is commonly known as "congestive heart failure."

On July 17, 2001, Brian Boyd, a Customer Care Specialist for the Plan's administrator, wrote to Adkins to inform him that his disability benefits were being terminated. The termination letter stated that "[o]ur medical personnel have determined that the diagnosis of Congestive Heart Failure is not supported."

Previously, on June 19, 2001, an Administrative Law Judge ("ALJ") for the Social Security Administration determined that Adkins was totally disabled. The ALJ determined that Adkins's impairments in-

clude "ischemic cardiomyopathy, coronary artery disease, supraventricular tachycardia, osteoarthritis, and major depression." The ALJ concluded that Plaintiff's impairments "prevent him from performing work requiring even sedentary exertion on a regular and continuing basis." The ALJ found that Adkins had been disabled since December 19, 1997.

Adkins contends that there is no medical evidence supporting the decision to terminate his disability benefits. Consequently, Adkins seeks reinstatement of his benefits under the Plan, payment for benefits since their termination, and other relief.

## II. UPC's Motion to Dismiss

■ In its motion to dismiss, UPC contends that it is not a proper party to the lawsuit. UPC contends that the Plan was issued by Provident Life and Accident Insurance Company ("Provident"), a subsidiary of UPC. Sherwin–Williams is the policyholder and Provident is the claims fiduciary. UPC asserts that it is not identified anywhere within the Plan nor did it play any role whatsoever with regard to the adjudication and administration of the Plan and its terms.

ERISA permits suits to recover benefits only against the plan as an entity, 29 U.S.C. §§ 1132(a)(1)(B) and 1132(d), and suits for breach of fiduciary duty only against the fiduciary, 29 U.S.C. §§ 1109(a) and 1105(a). *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir.1985). In this case, UPC is not properly to be considered the plan or the fiduciary. Sherwin–Williams was the policyholder for the Plan, and Provident was the administrator. UPC is a Delaware corporation and non-insurance holding company for its subsidiaries, one of which is Provident. Furthermore, UPC is not within the statutory definition of a fiduciary. ERISA defines a fiduciary as one who "exercises any discretionary authority or discretionary control respecting management or disposition of

its assets." 29 U.S.C. § 1002(21)(A)(1). "A fiduciary has 'authority to control and manage the operation and administration of the plan,' 29 U.S.C. § 1102(a)(1), and must provide a 'full and fair review' of claim denials." *Saravolatz v. Aetna U.S. Healthcare*, 51 F.Supp.2d 806, 811 (E.D.Mich.1999). UPC is not properly to be considered a fiduciary under the Plan.

Pursuant to the ERISA statutory framework, UPC is not a proper party to Adkins's suit for reinstatement of his benefits. In response to UPC's motion to dismiss, Adkins concedes that UPC "correctly argued that it is not a proper ERISA defendant." Adkins contends, however, that UPC should not be dismissed because Adkins has articulated several causes of action against it in his proposed amended complaint. As discussed below, the motion to amend the complaint is denied as well, and UPC is dismissed as a party to this litigation.

## III. Adkins's Motion to Amend the Complaint

Adkins's amended complaint reflects no ERISA-based cause of action against UPC. Instead, Adkins adds a claim against UPC for tortious interference with contract and causes of action for intentional and negligent infliction of emotional distress. Adkins asserts that these claims are established by the administrative record provided by the defendants. Adkins contends that the record reflects that "UPC played an active and self-interested role in the appeal process denying Mr. Adkins's claim." Plaintiff argues that UPC was aware of Adkins's multiple medical conditions, including his severe depression, when it denied his appeal for benefits.

According to the amended complaint, the basis of Adkins's tortious interference with contract claim is found in several pieces of correspondence between Adkins and UPC's representatives. These letters

were written on UPC letterhead. Furthermore, the representatives who wrote the letters identified themselves as UPC employees. Adkins contends that this correspondence demonstrates UPC's involvement in the decision to terminate his benefits.

Rule 15(a) of the Federal Rules of Civil Procedure states that amendments to pleadings should be "freely given when justice so requires." It is well-settled that in considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *See Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 520 (S.D.Ohio 1995) (citations omitted). When considering a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993).

UPC claims that Adkins's claims for tortious interference with contract and emotional distress are preempted by ERISA. Therefore, the proposed amended complaint could not withstand a motion to dismiss; consequently, the motion to amend should be denied.

■ ERISA preempts any state law that "relates to" an ERISA employee benefit plan. *See* 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). A claim "relates to" an ERISA benefit plan if it has a connection with or reference to the plan at issue. *Egelhoff v. Egelhoff*, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001). "It is not the label placed on the state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir.1991).

■ Courts have consistently held that ERISA preempts state law claims for tortious interference with contract. *See Hospital Corp. of America v. Pioneer Life Ins. Co. of Illinois*, 837 F.Supp. 872, 874 (M.D.Tenn.1993). In this case, the Court concludes that Adkins's tortious interference with contract and emotional distress claims "relate to" the ERISA plan. The basis for these claims is that UPC improperly interfered with Provident's decision-making process under the Plan and ERISA is designed to be the remedy for alleged wrongdoing in the claims process.

Adkins responds by acknowledging that UPC is not a fiduciary and, therefore, "a party not covered by ERISA cannot seek refuge under ERISA." Courts have determined otherwise. State causes of action asserted against non-fiduciaries also may be preempted by ERISA. *See Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 419 (4th Cir.1993). The critical inquiry in determining preemption is not whether the purported defendant is a fiduciary, but whether the purported claim relates to an employee benefit plan. *See id.* at 418–19. ERISA preempts claims that relate to an employee benefit plan even if the defendant is a non-fiduciary. *See Gibson v. The Prudential Ins. Co. of America*, 915 F.2d 414, 418 (9th Cir.1990); *Guardsmark, Inc. v. BlueCross and BlueShield of Tennessee, Inc.*, 169 F.Supp.2d 794 (W.D.Tenn. 2001). The Eleventh Circuit has explained the policy behind such an expansive view of ERISA preemption, stating that "[a]llowing plan beneficiaries to assert state law claims against non-fiduciary plan administrators for the wrongful termination of benefits would upset the uniform regulation of plan benefits intended by Congress." *Howard*

*v. Parisian, Inc.*, 807 F.2d 1560, 1565 (11th Cir.1987). "Preemption is required if the assertion of a state law claim would contravene the structure and purpose of a federal statute." *See id.*

In this case, the Court concludes that regardless of the label that Adkins places on his claims, they are in essence claims for recovery of an ERISA plan benefit. Adkins's claims, therefore, "relate to" his benefits under the Plan and are preempted. *Accord Cromwell*, 944 F.2d at 1276. Because the new claims could not withstand a motion to dismiss pursuant to Rule 12(b)(6), Adkins's motion to amend the complaint is DENIED.

## IV. Plaintiff's Motions to Append the Record

As noted above, Adkins has filed two motions to append the record. In ERISA actions, the Sixth Circuit has held that when a court reviews the decision of a plan administrator to deny benefits, the court may consider only those facts known to the plan administrator at the time the decision concerning the benefits was made. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997). Accordingly, a court should not consider evidence that was not presented to the administrator for consideration in the benefits decision. *See Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 618 (6th Cir.1998).

In his first motion to append, Adkins seeks to add medical records from the Tennessee Orthopaedic Alliance which reference a knee condition. These records were not previously submitted to, or considered by, the plan administrator. Similarly, in his second motion, Adkins asks the Court to add medical records from Baptist Hospital which were not previously submitted to, or considered by, the plan administrator. Because these records were not before the administrator during the decision regarding Adkins's benefits,

they should not be part of this Court's evaluation of the administrator's decision.

In his reply brief, Adkins admits that "case law prohibits post-decision additions to the administrative record for the purpose of determining whether the contested decision was arbitrary or capricious." Adkins asserts, however, that case law permits evidence to be admitted outside the administrative record when considering a motion to remand. Adkins further asserts that "the evidence Mr. Adkins seeks to introduce was filed in anticipation of a motion to remand. Therefore, it is admissible for that purpose."

To date, Adkins has not filed a motion to remand and he admits that "a fully argued motion to remand is premature at this time." If Adkins wishes the Court to consider these additional records in the context of an as-yet-unfiled motion to remand, then his motions are premature. Until such a motion to remand is filed with the Court, it is not appropriate to consider whether the records in question should be received by the Court. Plaintiff's motions to append the record are DENIED.

## V. Conclusion

For the foregoing reasons, Defendant UPC's motion to dismiss is GRANTED. Plaintiff Adkins's motion to amend the complaint is DENIED, as are both of Plaintiff's motions to append the record.

An appropriate order will enter.

## ORDER

Before the Court is Plaintiff Harold Adkins's ("Adkins") motion to alter or amend the Court's order denying Adkins's motion to amend his complaint. For the reasons more fully described herein, Adkins's motion is DENIED.

The Court's prior order contains a more lengthy recitation of the facts in this case. For purposes of the current motion, it is

sufficient to state that this is an action brought pursuant to the Employee Retirement Income Security Act ("ERISA") in which Adkins claims that his long-term disability benefits were wrongfully terminated.

When Adkins initially sued Unum Provident Corporation ("UPC"), UPC moved to dismiss the claims against it, arguing that it was not a proper party under the ERISA statutory framework. In response to UPC's motion to dismiss, Adkins conceded that UPC "correctly argued that it is not a proper ERISA defendant." However, Adkins articulated several additional causes of action against UPC in his proposed amended complaint. These claims include tortious interference with contract and causes of action for intentional and negligent infliction of emotional distress. Finding the additional claims to be preempted under ERISA, the Court denied Adkins's motion to amend and dismissed UPC as a party to this litigation.

Adkins argues that the Court erred when it found that Adkins's claims against UPC are preempted by ERISA. He asserts that UPC is not a fiduciary and "a party not covered by ERISA cannot seek refuge under ERISA." Therefore, Adkins contends, his claims may not be preempted by ERISA.

■ At the outset, the Court notes that the United States Supreme Court has held that Congress's intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); see also Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550 (6th Cir. 1987). The Court consistently has emphasized the broad scope of preemption under ERISA. See, e.g., Pilot Life, 481 U.S. at 41, 107 S.Ct. 1549; Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 730,

105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Sixth Circuit, too, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA. See, e.g., Ruble v. UNUM Life Ins. Co., 913 F.2d 295 (6th Cir.1990); Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689 (6th Cir.1989); McMahan v. New England Mut. Life Ins. Co., 888 F.2d 426 (6th Cir. 1989).

The initial analytical step in resolving the question of preemption is to address whether the claim "relates to" an ERISA employee benefit plan. See 29 U.S.C. § 1144(a); Pilot Life, 481 U.S. at 47, 107 S.Ct. 1549. A claim "relates to" an ERISA benefit plan if it has a connection with or reference to the plan at issue. Egelhoff v. Egelhoff, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001). Thus, only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted. In addition, "it is not the label placed on the state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." Cromwell v. Equicor–Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir.1991). Adkins's state law claims for tortious interference with contract and for intentional and negligent infliction of emotional distress turn on UPC's alleged involvement in the termination of his benefits under his employer's disability benefit plan. These claims clearly relate to an ERISA employee benefit plan.

As noted, however, Adkins contends that because UPC is not a fiduciary, it "may not seek refuge under ERISA." While ERISA itself does not provide for remedies against non-fiduciaries, the Act's pre-

emption clause does not focus on whether remedies are provided by the Act, but on whether the action relates to any employee benefit plan. In *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), a party presented an argument similar to the argument advanced by Adkins. The Supreme Court appeared to assume, without expressly deciding, that claims against non-fiduciaries would be preempted. *See id.* While the majority did not find it necessary to decide whether claims against non-fiduciaries were preempted, Justice White stated in his dissent that it was difficult to imagine how the common law remedy asserted in that case, breach of fiduciary duty, could have survived ERISA's deliberately expansive preemption provision. *See id.*

Although there does not appear to be any Sixth Circuit precedent directly on point, all other courts of appeals that have considered the question have agreed that state causes of action asserted against non-fiduciaries are preempted by ERISA. *See Custer v. Pan American Life Insurance Co.*, 12 F.3d 410 (4th Cir.1993); *Consolidated Beef Industries, Inc. v. New York Life Insurance Co.*, 949 F.2d 960 (8th Cir. 1991); *Gibson v. The Prudential Ins. Co. of America*, 915 F.2d 414, 418 (9th Cir. 1990); *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1564–65 (11th Cir.1987).

The Eleventh Circuit has explained the policy behind such an expansive view of ERISA preemption, stating that "[a]llowing plan beneficiaries to assert state law claims against non-fiduciary plan administrators for the wrongful termination of benefits would upset the uniform regulation of plan benefits intended by Congress." *Howard*, 807 F.2d at 1565. "Preemption is required if the assertion of a state law claim would contravene the structure and purpose of a federal statute." *See id.*

After considering Adkins's motion, the Court again concludes that regardless of the label that Adkins places on his claims, they are in essence claims for recovery of an ERISA plan benefit. Adkins's state law claims for tortious interference with contract and for intentional and negligent infliction of emotional distress clearly are related to the termination of his disability benefits. Although UPC is not a fiduciary within the meaning of that term within the statute, ERISA also preempts claims related to employee benefit plans in actions against non-fiduciaries. As a result, Adkins's motion to alter or amend the Court's prior order is DENIED.

It is so ordered.