**GUARDSMARK, INC.,** Guardsmark, Inc. Medical Plan, and Board of Trustees of the Guardsmark, Inc. Medical Plan Trust Fund, Plaintiffs,

v.

**BLUECROSS AND BLUESHIELD OF TENNESSEE f.k.a. Memphis Hospital Service and Surgical Association, Inc.** Defendant.

No. 01–2117 GA.

United States District Court, W.D. Tennessee, Western Division.

Oct. 22, 2001.

Jef Feibelman, W.J. Mchael Cody, Douglas F. Halijan, Burch, Porter & Johnson, Memphis, TN, Alan E. Schabes, Pete C. Elliott, Jeffrey D. Zimon, Mariann E. Butch, Anna K. Raske, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, for Plaintiffs.

John I. Houseal, Jr., Larry Montgomery, Jeffrey A. Jarratt, Glankler, Brown, PLLC, Memphis, TN, for Defendant.

James Allen, Memphis, TN, pro se.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

DONALD, District Judge.

Guardsmark, Inc. ("Guardsmark"), the Guardsmark, Inc. Medical Plan ("Plan"), and the Board of Trustees of the Guardsmark, Inc. Medical Plan Trust Fund ("Board") filed a complaint seeking: (1) damages for an alleged breach of fiduciary duty under the Employment Retirement Investment Security Act (ERISA); (2) equitable relief for alleged ERISA violations; (3) damages for alleged violation of ERISA's prohibited transaction provision; and (4) damages for alleged breach of contract. Defendant, BlueCross and BlueShield of Tennessee ("Defendant"), moved to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

For the following reasons, the Court GRANTS the motion to dismiss the state law breach of contract claims brought by Guardsmark and the Board, but DENIES the motion to dismiss Plaintiffs' remaining claims.

## I. Background Facts

The following factual allegations are set forth in Plaintiffs' Complaint and are taken as true for purposes of this Order. On February 14, 2001, Guardsmark, the Plan, and the Board ("Plaintiffs") filed a complaint seeking damages and injunctive relief.

Guardsmark is a Delaware corporation and is the "plan administrator," "plan sponsor," and "fiduciary" of the Plan.[1] The Plan is an "employee welfare benefit plan."[2] The Board is the board of the trust fund established by Guardsmark to both fund and hold the assets of the Plan.

Defendant is a Tennessee corporation and the successor-in-interest to Memphis Hospital Service and Surgical Association, Inc. It has assumed all of the duties, obligations, and liabilities its predecessor owed to Plaintiffs.

Guardsmark and Defendant reached an "Agreement to Provide Certain Administrative Services Only" ("Agreement") on February 12, 1996. Guardsmark terminated the Agreement on October 31, 1999 after citing a series of unresolved problems with Defendant's services. The "run-out period" lasted through January 31, 2000.

During this nearly five year period, Defendant served as a fiduciary by exercising discretionary authority to approve or deny claims. Defendant breached its fiduciary duties in this area by wrongfully approving and losing claims for payment. Defendant also served as a fiduciary by controlling Plan assets, as indicated by its prepara-

---

1. Plaintiffs use the terms "plan administrator" and "plan sponsor" as they are defined in 29 U.S.C. 1002(16)(A) and (B). Plaintiffs use the term "fiduciary" as it is defined in 29 U.S.C. § 1002(21)(A).

2. Plaintiffs use the term "employee welfare benefit plan" as it is defined in 29 U.S.C. § 1002(1).

tion, approval, and disbursement of checks payable by the Plan and the Board. Defendant breached its fiduciary duties in this area by substantially overpaying claims and overcharging for its services.

Although both ERISA and the Agreement required Defendant to provide Plaintiffs with a complete history of claims paid, Defendant did not do so in 1998 and 1999. Defendant also failed to accurately report reinsurance claims and wrongfully withheld payment of prescription drug rebates. In addition, Defendant failed to maintain accurate records of the Plan's specific accumulator levels.[3] Under ERISA, each of these failures represents a breach of fiduciary duty by Defendant.

Finally, the above-referenced facts are alleged to support Plaintiffs' claim that Defendant as a fiduciary, "party in interest,"[4] or non-fiduciary, used Plan assets to secure unreasonable compensation for its services. ERISA prohibits fiduciaries, parties in interests, and non-fiduciaries from using or transferring Plan assets for this purpose.

On April 5, 2001, Defendant filed a motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief could be granted. Defendant denies it is a fiduciary under ERISA and, accordingly, asserts that Plaintiffs' claims under ERISA should be dismissed. Defendant also maintains that Plaintiffs' state law claims for breach of contract are preempted by ERISA.

## II. Legal Standards

### A. Motion to Dismiss

A party may bring a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This motion only tests whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

The U.S. Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Neitzke*, 490 U.S. at 326–27, 109 S.Ct. at 1832; *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405 (6th Cir.1998). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct.

---

**3.** Accumulator levels identify and measure annual and lifetime maximum lifetime benefits payable by the Plan to its participants.

**4.** ERISA defines "party in interest" as any fiduciary, counsel, or employee of an employ-

ee benefit plan. In addition, both persons who provide services to an employee benefit plan and employers whose employees are covered by such a plan are considered parties in interest. 29 U.S.C. § 1102(14).

at 103; *Westlake,* 537 F.2d at 858. The complaint need not specify all the particularities of the claim and if the complaint is merely vague or ambiguous, a motion under Federal Rule of Civil Procedure 12(e) for a more definite statement is the proper avenue rather than under Federal Rule Civil Procedure 12(b)(6). 5A Wright, Miller & Kane, Federal Practice & Procedure § 1356 (West 1990). The plaintiff, however, has an obligation to allege the essential material facts of the case. *Scheid,* 859 F.2d at 436–37. All facts taken as true in the complaint must be "well-pleaded." *Lewis,* 135 F.3d at 405. "Well-pleaded facts" refers to those facts which are legally capable of being proved. 71 C.J.S. Pleading § 426 (1951).

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832; *Murphy v. Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis,* 135 F.3d at 405–06.

### B. Fiduciary Status

ERISA reserves, in the first instance, fiduciary liability for "named fiduciaries," who are defined as either those individuals listed in plan documents or those who are otherwise identified as fiduciaries pursuant to a plan-specified procedure. 29 U.S.C. § 1102(a)(2); *see also Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 18 (1st Cir.1998).

██ Although the starting point for reasoned analysis of fiduciary status is the agreement between the parties, ERISA also extends fiduciary liability to functional fiduciaries. While not explicitly denominated as fiduciaries, these actors serve as fiduciaries by performing at least one of several enumerated functions with respect to a benefit plan. *Chiera v. John Hancock Mutual Life Ins. Co.,* 2001 WL 111585 (6th Cir.2001); *see also Beddall,* 137 F.3d at 19. Under ERISA, a person functions as a fiduciary if he: (1) "exercises discretionary authority or discretionary control respecting the management of [an ERISA] plan" or (2) "exercises any authority or control respecting the management or disposition of its assets" or (3) "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A); *see also Chiera,* 2001 WL 111585.

██ Thus, the definition of a fiduciary under ERISA turns on function rather than form. *Id.; see also Hamilton v. Carell,* 243 F.3d 992, 998 (6th Cir.2001) (citing *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (ERISA "defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan...")).

Courts have distinguished between fiduciary functions like "managing" or "administering" a benefit plan and "purely ministerial functions" such as "business decisions"[5] that merely have an effect on

---

5. "ERISA does not require that day-to-day corporate business transactions, which may have a collateral effect on prospective, contingent employee benefits, be performed solely in the interest of plan participants... [O]nly discretionary acts of plan management or administration, or those acts designed to carry out the very purposes of the plan, are subject

an ERISA plan. *See Chiera,* 2001 WL 111585 (citing *Sengpiel v. B.F. Goodrich Co.,* 156 F.3d 660, 665 (6th Cir.1998)); *Hamilton,* 243 F.3d at 998; *IT Corp. v. General American Life Ins. Co.,* 107 F.3d 1415, 1420 (9th Cir.1997).

In the Sixth Circuit, when an insurance company administers claims for employee welfare benefit plans and has authority to grant or deny claims, the insurance company is a fiduciary for ERISA purposes. *Chiera,* 2001 WL 111585 (citing *Libbey–Owens–Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio,* 982 F.2d 1031, 1035 (6th Cir.1993)). In the Ninth Circuit, where an actor has any control over disposition of plan money he is a fiduciary. *IT Corp.,* 107 F.3d at 1421. A person has control over plan money where he can deplete the account by writing checks. *Id.* The right to write checks on plan funds is "authority or control respecting management or disposition of its assets." *Id.* However, the mere payment of claims alone is insufficient to give a defendant discretionary control over the management of plan assets or the administration of the plan. *Flacche v. Sun Life Assur. Co. of Canada (U.S.),* 958 F.2d 730, 735 (6th Cir. 1992).

When the courts distinguish fiduciary duties from purely ministerial ones, they look to more than job titles or contract terms. Thus, the parties' use of the magic words "purely ministerial" does not avoid fiduciary responsibility. *IT Corp.,* 107 F.3d at 1420. For the courts, the issue is not just how the duties are characterized, but what the duties actually encompass. *Id.*

Under guidelines promulgated by the U.S. Department of Labor, a person who performs "purely ministerial functions" for an employee benefit plan "within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary." *Flacche,* 958 F.2d at 735 (citing 29 C.F.R. § 2509.75–8 D–2 (1991)). This is because a purely ministerial actor does not have discretionary authority regarding disposition/ management of plan assets or the rendering of investment advice. *Id.*

Accordingly, the Seventh Circuit has described "discretion" as the *sine qua non* of functional fiduciary status. *Hamilton,* 243 F.3d at 998 (citing *Pohl v. Nat'l Benefits Consultants,* 956 F.2d 126, 129 (7th Cir. 1992)). Similarly, the First Circuit maintains that the exercise of discretionary authority is "the key determinant" of an actor's status as a functional fiduciary. *Beddall,* 137 F.3d at 18. Without regard to labels or titles, ERISA makes a person who exercises "discretionary authority or discretionary responsibility" in plan administration a fiduciary. *See* 29 U.S.C. § 1002(21)(A); *see also IT Corp.,* 107 F.3d at 1415.

■ Discretionary authority is more than a mere "power to err," as when a clerical employee enters an erroneous code and, as a result, improperly denies benefits. *Id.* at 1421. Entering codes, applying mathematical formulas, and mailing checks are purely ministerial duties. *Id.* By contrast, where a plan employee is required to interpret complex policies, apply elaborate rules, and make judgments, he is exercising discretionary authority. *Id.* If a plan employee has the final authority to accept or deny benefit payments in cases where a dispute exists, he is a fiduciary. *Id.* at 1420; *see also* 29 C.F.R. § 2509.75–8 at D–2.

■ Fiduciary status is not an all or nothing proposition; the statutory language indicates that a person is a plan fiduciary only "to the extent" that he pos-

to ERISA's fiduciary duties." *Akers v. Palm-* er, 71 F.3d 226, 231 (6 th Cir.1995).

sesses or exercises the requisite discretion and control. *Beddall*, 137 F.3d at 18 (citing 29 U.S.C. § 1002(21)(A)). Since a fiduciary's responsibility under ERISA is directly and solely attributable to his possession or exercise of discretionary authority, liability arises in specific increments correlated to the vesting or performance of particular fiduciary functions in service of the plan. *Id.; see also Maniace v. Commerce Bank*, 40 F.3d 264, 267 (8th Cir.1994); *Brandt v. Grounds*, 687 F.2d 895, 897 (7th Cir.1982).

█ ERISA extends fiduciary liability beyond named and functional fiduciaries. ERISA authorizes a plan "participant, beneficiary, or fiduciary" to bring a civil action for "appropriate equitable relief" against a non-fiduciary or a "party in interest" to a prohibited transaction. *Id.* It also bars a "party in interest" from engaging in a prohibited transaction with a fiduciary of an employee benefit plan. *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 120 S.Ct. 2180, 2182, 147 L.Ed.2d 187 (2000).

█ A fiduciary who breaches his duties under ERISA is personally liable for damages,[6] for restitution,[7] and for "such other equitable or remedial relief as the court may deem appropriate,"[8] including removal of the fiduciary. *Mertens*, 508 U.S. at 248, 113 S.Ct. 2063 (citing 29 U.S.C.

§ 1109(a)). Fiduciaries are assigned a number of detailed duties. Their responsibilities include the "proper management, administration, and investment of [plan] assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest." *Id.,* at 251–52, 113 S.Ct. 2063 (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142–43, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985); 29 U.S.C. § 1104(a)).

### C. Prohibited Transactions

ERISA prohibits fiduciaries, parties in interest, and non-fiduciaries from engaging in certain transactions, unless there is an exemption that permits the transaction. 29 U.S.C. § 1106. For example, ERISA specifically prohibits transactions in which a fiduciary or a party in interest uses or transfers plan assets for its own benefit.[9] 29 U.S.C. § 1106(a)(1)(D). Such transactions may be permissible, however, where they are made in order to provide reasonable compensation for services rendered. 29 U.S.C. § 1108(c)(2).

ERISA authorizes a participant, beneficiary, or fiduciary to seek appropriate equitable relief to redress its injuries or enforce any provisions of ERISA or an employee benefit plan. 29 U.S.C. § 1132(a)(3). Fiduciaries who engage in prohibited transactions may be liable for

---

6. Damages are intended "to make good to [the] plan any losses to the plan resulting from each such breach [of fiduciary duty]." 29 U.S.C. § 1109(a).

7. Restitution is intended "to restore to [the] plan any losses to the plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." 29 U.S.C. § 1109(a).

8. Under ERISA, "equitable relief" is limited to the "remedy traditionally viewed as 'equitable,' such as injunction or restitution." *Allinder v. Inter–City Products Corp.*, 152 F.3d 544, 552 (6th Cir.1998) *cert. denied*, 525 U.S.

1178, 119 S.Ct. 1115, 143 L.Ed.2d 110 (1999) (citing *Mertens*, 508 U.S. at 255, 113 S.Ct. 2063). By contrast, money damages are the "classic form of legal relief;" as a result, 29 U.S.C. § 1132(a)(3) does not authorize suits for compensatory, much less punitive, damages. *Id.*

9. A non-fiduciary who participated in a breach of fiduciary duty or who otherwise engaged in prohibited transactions may be similarly held liable. *See Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir.1988); *Mertens*, 508 U.S. at 262, 113 S.Ct. 2063; *Harris Trust and Sav. Bank*, 530 U.S. at 238, 120 S.Ct. 2180.

damages, restitution, and "such other equitable or remedial relief as the court may deem appropriate," including removal of the fiduciary. *Mertens,* 508 U.S. at 252, 113 S.Ct. 2063 (citing 29 U.S.C. § 1109(a)).

## D. Preemption of State Law Claims

■■■ ERISA preempts common law breach of fiduciary duty claims, *Smith v. Provident Bank,* 170 F.3d 609, 613 (6th Cir.1999), including a beneficiary's state law breach of contract claims against a fiduciary. *See Kramer v. Smith Barney,* 80 F.3d 1080, 1083 (5th Cir.1996); *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941–43 (6th Cir.1995). Claims which merely attach new, state law labels to ERISA claims for breach of fiduciary duty are, of course, preempted as well. *Provident Bank,* 170 F.3d at 613. "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir.1991), *cert. dismissed,* 505 U.S. 1233, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992).

■■■ ERISA also preempts a beneficiary's claims against non-fiduciaries. *See Provident Bank,* 170 F.3d at 617 (citing *Pedre Co. Inc. v. Robins,* 901 F.Supp. 660, 666 (S.D.N.Y.1995)). It does not, however, preempt state law claims by plans (or their sponsors or trustees) against non-fiduciaries. *Id.* Thus, plans may assert state-law claims against non-ERISA entities. *Id.*

## III. Analysis

### A. Breach of Fiduciary Duty Claim

■■■ Count I of Plaintiffs' Complaint charges Defendant with breach of fiduciary duty under 29 U.S.C. §§ 1104 and 1109. The Service Agreement ("the Agreement") reached by the parties serves as the starting point for the Court's analysis of fidu-ciary status. The Agreement provides that Plaintiffs are the "Plan Administrator" and "Named Fiduciary" for ERISA purposes. Defendant, meanwhile, is not named as a fiduciary in any Plan document or Plan-specified procedure. Accordingly, the Court finds Defendant is not a named fiduciary.

While the Agreement is the starting point in the Court's analysis, ERISA also extends fiduciary liability to functional fiduciaries. A person functions as a fiduciary if he exercises discretionary authority respecting the management of an ERISA plan, disposition of plan assets, or administration of such plan. 29 U.S.C. § 1002(21)(A). Thus, without regard to labels or titles, ERISA makes a person who exercises "discretionary authority or discretionary responsibility" in plan administration a fiduciary. *See* 29 U.S.C. § 1002(21)(A).

■■■ Plaintiffs' allegations are taken as true for purposes of this order. Accordingly, the Court finds that Defendant functioned as a fiduciary by exercising discretionary authority in Plan management, administration, and disposition of assets. More specifically, Defendant had final authority to approve and deny claims. Defendant also wrote checks, payable from Plan assets, to pay claims it had approved and denied Plaintiffs the opportunity to review its decisions. Defendant's exercise of discretionary authority in carrying out these functions qualifies Defendant as a fiduciary under the functional analysis test.

■■■ The Court also finds that Defendant breached its fiduciary duties under ERISA. As a fiduciary, Defendant may be held liable under ERISA for improper management, administration, and investment of plan assets as well as for failure to maintain proper records and disclose specified information. At this stage of the case, the Court finds that Defendant over-

paid, lost, and improperly handled claims. Furthermore, Defendant withheld prescription drug rebates, overcharged the Plan for run-out fees, and wrongfully increased its own compensation. Finally, Defendant neglected to maintain an accurate record of the Plan's specific accumulator levels and failed to provide Plaintiffs with required reports on its administrative fees.

In light of these findings, the Court declines to dismiss Count I of Plaintiffs' Complaint. Plaintiffs have stated a claim against Defendant for breach of fiduciary duty under ERISA. Taking Plaintiffs' allegations as true, it appears that Plaintiffs may be able to prove a set of facts in support of their claims that would entitle them to relief. Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' claims under 29 U.S.C. §§ 1104 and 1109.

**B.  Request for Permanent Injunction**

■ Defendant's motion to dismiss Plaintiffs' request for a permanent injunction is predicated on its contention that Defendant is not a fiduciary under ERISA. As noted above, however, the Court must find at this stage of the case that Defendant is a functional fiduciary who has violated his duties under ERISA. Injunctive relief may be granted for violations of ERISA. The Court therefore denies De-

fendant's motion to dismiss Plaintiffs' request for a permanent injunction.

**C.  Prohibited Transactions**

■ ERISA extends fiduciary liability beyond named and functional fiduciaries. It also bars a "party in interest" from engaging in certain prohibited transactions with a fiduciary of an employee benefit plan. Plaintiffs allege that Defendant engaged, as a fiduciary, in certain prohibited transactions. Alternatively, they allege that Defendant engaged in these prohibited transactions as a non-fiduciary or a party in interest. ERISA authorizes Plaintiffs to bring a civil action for equitable relief against a non-fiduciary or a party in interest to a prohibited transaction.

The Court finds, for purposes of this Order, that Defendant is a fiduciary who engaged in transactions that are prohibited by ERISA.[10] By overcharging for administrative and run-out fees and by wrongfully overpaying claims, Defendant dealt with Plan assets in its own interest and for its own account. These transactions provided Defendant with unreasonable compensation for its services and, as a result, are prohibited by ERISA.

The Court finds that Plaintiffs have stated a valid claim for violation of ERISA § 502, provided that Plaintiffs seek only equitable relief for this claim.[11] Defen-

**10.** The Court notes that finding Defendant to be a fiduciary does not mean that he cannot also be a non-fiduciary. Fiduciary status is not an all or nothing proposition; the statutory language indicates that a person is a plan fiduciary only "to the extent" that he possesses or exercises the requisite discretion and control. *Beddall,* 137 F.3d at 18 (citing 29 U.S.C. § 1002(21)(A)). Since one's fiduciary responsibility under ERISA is directly and solely attributable to his possession or exercise of discretionary authority, fiduciary liability arises in specific increments correlated to the vesting or performance of particular fiduciary functions in service of the plan. *Id.; see also Maniace v. Commerce Bank,* 40 F.3d

264, 267 (8th Cir.1994); *Brandt v. Grounds,* 687 F.2d 895, 897 (7th Cir.1982). Thus, Defendant may have acted as a fiduciary with regards to certain elements of the Plan, but as a non-fiduciary in others. Plaintiffs allege sufficient facts to support either a claim for breach of fiduciary duty or a claim that Defendant as a non-fiduciary or party in interest, participated in a prohibited transaction. *See e.g., Harris Trust and Sav. Bank,* 530 U.S. at 238, 120 S.Ct. 2180.

**11.** Plaintiffs' Complaint seeks "compensatory damages" pursuant to ERISA § 502. Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss maintains that the "use of the

dant's motion to dismiss this claim is denied.

## D. Breach of Contract Claim

■ Plaintiffs allege that Defendant violated the terms of the Agreement; as a result, they assert a state law claim for breach of contract against Defendant. The violations cited by Plaintiffs: overcharging for administrative fees, wrongfully paying claims, withholding payment of prescription drug rebates, etc., are virtually identical to those asserted by Plaintiffs for recovery under ERISA. Plaintiffs' breach of contract claims merely attach new, state law labels to what are essentially ERISA claims for breach of fiduciary duty. Congress enacted ERISA in part to prevent plaintiffs from bringing identical claims simultaneously under ERISA and state law. To accomplish this, ERISA preempts common law breach of fiduciary duty claims like those asserted in the instant case.

■ ERISA confers different rights on the Plan than it confers on the other two Plaintiffs, however. ERISA preempts the Plan's state law claims against Defendant as a fiduciary, but it does not preempt the Plan's claims against Defendant as a non-fiduciary. Certain services or functions in the Agreement fall outside the scope of ERISA and, as a result, state law breach of contract claims may exist. These claims do not refer to or relate to ERISA, but concern only the Defendant's performance of certain obligations in the Agreement.

■ These claims may be asserted in conjunction with Plaintiffs' ERISA claims. Since fiduciary liability arises in specific increments correlated to the performance of particular functions in service of the Agreement, Plaintiffs may argue that Defendant is simultaneously liable as a fiduciary for some functions and as non-fiduciary for others. In addition, Federal Rule of Civil Procedure 8(e) permits Plaintiffs to plead alternative arguments and legal theories at this stage of the case. Thus, the Plan may allege that Defendant is liable both as a fiduciary and as a non-fiduciary.

Accordingly, the Court denies Defendant's motion to dismiss the Plan's state law breach of contract claims against Defendant as a non-fiduciary, but grants the motion to dismiss Plaintiffs' remaining breach of contract claims.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss the state law breach of contract claims brought by Guardsmark and the Board, but DENIES the motion to dismiss Plaintiffs' remaining claims.

term 'compensatory' in the context of this case is merely a request to compensate Plaintiffs as injured parties for the injury they have sustained." Furthermore, Plaintiffs assert that their request for damages under § 502 merely represents a request for equitable relief. The Court accepts this assertion.

The Court notes that although Plaintiffs have stated a valid claim under § 502, the

only remedies available to them are equitable ones. 29 U.S.C. § 1132(a)(3) does not authorize suits for compensatory or punitive damages. Thus, Plaintiffs may only seek restitution or other equitable remedies to redress any injuries proximately caused by Defendant's prohibited transactions.